CHARLES A. ZOEBISCH, Appellant, *v.* ELIZABETH J. VON MINDEN et al., Respondents.

Defendant R. executed an assignment to plaintiff for the benefit of creditors.   At the time R. was indebted to plaintiff in the sum of $3,277.59, of which sum $2,500 was secured by bond and mortgage, and the balance, $777.59, was unsecured.   Subsequently a composition agreement was executed by several creditors, including plaintiff, in which they agreed to accept notes of the debtor for thirty per cent of their respective

claims in full discharge and satisfaction thereof. Plaintiff, when he signed, wrote opposite his name under the head of "amount" $777.59. It was not the intention of either plaintiff or R. that the agreement should apply to or affect the indebtedness secured by the bond and mortgage. Afterward plaintiff joined with other creditors in a deed of release, by the terms of which they "released and forever discharged" R. from all "debts due, sums of money, accounts, bonds * * * claims and demands whatever." The notes provided for in the composition agreement were never in fact given to plaintiff; nor was the thirty per cent paid within the time the notes were to run. Plaintiff filed his accounts as assignee and, pursuant to order of the court, released and conveyed to R. all of the assigned property. For the purpose of arranging with creditors, plaintiff loaned to R. $1,250, for which the latter gave his note, indorsed by his wife, defendant E., by which indorsement she charged its payment upon her separate estate. Plaintiff thereafter presented to R. two accounts, one individually and one as assignee. In the former he charged the whole original indebtedness. The accounts together showed an indebtedness to plaintiff of $2,362.87. R. objected, claiming that plaintiff was only entitled to thirty per cent of the $777.59, and also objected to $375 of the charges for assignee's fees. A settlement was finally agreed upon by which the accounts were reduced to $1,752.32; for $1,500 of that sum R. gave his bond secured by a mortgage executed by him and his wife upon part of the land covered by the former mortgage, the title to which was in her, which mortgage and accompanying bond were, pursuant to the agreement, cancelled and discharged. In an action to foreclose the mortgage so given, *held*, that it having been given on settlement of a disputed claim was for a good consideration, and, therefore, valid; and that neither of the defendants had a good defense thereto.

*Stafford* v. *Bacon* (1 Hill, 532), distinguished.

In the absence of fraud or duress a settlement of a disputed claim preferred in good faith is a legal consideration for a promise, and the fact that the promisor had a good defense to the claim is no defense in an action on the new promise.

Where a debtor fails to pay the percentage stipulated for in a composition agreement within the time specified therein, the original debt is revived and the creditor may collect the entire amount.

*Zoebisch* v. *Von Minden* (47 Hun, 213), reversed.

(Argued April 21, 1890; decided June 3, 1890.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 30, 1888, which reversed a judgment in favor of plaintiff entered upon the report of a referee and granted a new trial.

This action was brought to foreclose a mortgage made by the defendants, who are husband and wife.

The defendants answered separately, each averring in effect that no indebtedness in fact existed at the time of the execution and delivery of the bond and mortgage, and that, therefore, the mortgage is void for want of consideration. And for a further defense, Mrs. Von Minden alleged that the mortgage was not given for the benefit of her separate estate, and that she did not in terms charge her separate estate with the payment thereof.

The referee found the facts which led up to and induced the making and delivery of the bond and mortgage to be as follows: On or about September 20, 1877, the defendant Reinhold Von Minden made a general assignment for the benefit of his creditors, to the plaintiff, who accepted the trust and duly qualified as such assignee. At the time of the assignment, Reinhold was indebted to the plaintiff in the sum of $3,277.59, and in the statement of account of the creditors of the said Reinhold duly verified by him and filed as required by statute, it was stated (with reference to the said Reinhold's indebtedness to the plaintiff) as follows: "Of this amount, $2,500 is due on a mortgage executed by assignor and wife to James L. Parshall, to secure payment of $3,000, being part of the purchase-money * * *. The balance consists of the amount of two notes and an open account for goods sold and delivered."

Subsequently, a composition agreement was made between the said Reinhold Von Minden and certain of his creditors, and whereby the several subscribers thereto covenanted and agreed to and with the said Von Minden, and with each other as follows: That they would "accept, receive and take of and from the said Reinhold Von Minden * * * for each and every dollar that the said Reinhold Von Minden does owe and is indebted to us, the said several and respective creditors, the sum of thirty cents in full discharge and satisfaction of the several debts and sums of money that the said Reinhold Von Minden owes and is indebted unto us, * * * by the

promissory notes of said Von Minden, payable in six, nine and twelve months, from the 3d day of October, 1877, in equal amounts, aggregating thirty per cent of our respective demands against him."

The plaintiff subscribed the said agreement and his subscription thereto appears as follows:

"Names of creditors.                    Amount.
Brooklyn, C. A. ZOEBISCH. [SEAL.]        $777.59."
    $777.59 being the amount of his unsecured claim.

Some time afterward a deed of release was executed under their hands and seals by various creditors of the said Von Minden, including the plaintiff, which declared as follows: That " for and in consideration of the compliance on the part of the said Von Minden with the terms of a deed of composition dated New York, September 27, 1877, and executed by the said Von Minden as a party of the first part, and we or our assignors as party of the second part, such compliance on his part being hereby, by each of us, duly acknowledged, have remised, released and forever discharged, and by these presents do  *   *   *  remise, release and forever discharge the said Reinhold Von Minden  *   *   *  of and from all manner of action and actions  *   *   *  debts, dues, sums of money, accounts, bonds, bills, specialities, covenants,  *   *   * claims and demands whatever  *   *   *  which either of us ever had, now have or hereafter can, shall or may have for upon or by reason of any matter, cause or thing of any kind whatsoever from the beginning of the world to the day of the date of these presents." The said release is dated the 1st day of April, 1878.

It was not the intention of the plaintiff or Von Minden that such agreement should apply to or affect so much of defendant's indebtedness to the plaintiff as was secured by the Parshall bond and mortgage. Neither was it the intention of plaintiff in signing the release to discharge Von Minden from such secured indebtedness. He intended thereby to release him from the unsecured indebtedness of $777.59 only. Such, also, was the understanding of Von Minden. April 22,

1878, the plaintiff filed his accounts as assignee, and, thereafter, and on the twenty-first day of May following, pursuant to an order of the court duly made and entered, by an instrument under seal and duly acknowledged, he released and conveyed unto Reinhold Von Minden " all the property and estate, whatsoever and wheresoever, so assigned, to the party of the first part as aforesaid under the said assignment " by the said Von Minden. The consideration expressed therein was the payment to plaintiff " of his legal fees and charges in the matter of the execution of the trust." Von Minden did not, at any time, deliver or tender to the plaintiff the notes provided for by said composition agreement; nor were the fees and charges of the plaintiff, as assignee, paid to him as stated in the instrument of reconveyance of May 21, 1878. But said amount remained unpaid and unsettled down to the settlement in July, hereinafter referred to. In February, 1880, there was existing an open account between Von Minden and the plaintiff, individually, and another open account between Von Minden and the plaintiff, as his assignee. As early as the date just referred to, the settlement or adjustment of such accounts was the subject of consideration between both parties, and between that date and the twenty-ninth day of July following, several interviews took place, and a number of written communications were exchanged between the parties with reference to a settlement. The plaintiff prepared and submitted to Von Minden, in writing, a statement of his personal account, and also of his account as assignee. In his personal account he charged him with the entire indebtedness secured by the mortgage, $2,500 ; also, with the general indebtedness, $777.59 ; and credited him with sundry items for salary, etc., and showed a balance due plaintiff of $1,442.77. In subsequent negotiations Von Minden insisted that the plaintiff was only entitled to thirty per cent of the sum of $777.59. In his account as assignee plaintiff charged Von Minden with fees as assignee, $675 ; also with various sums paid by the plaintiff to him or on his account, including $1,250, which the plaintiff had advanced to him about January 5, 1878, to enable him to make a settle-

ment with one of of his creditors, for which he held Von Minden's note, indorsed by the defendant Elizabeth J. Von Minden, by which indorsement she expressly charged its payment upon her separate estate. It credited Von Minden with various sums of money collected by the plaintiff as assignee, and showed a balance due to the plaintiff of $920.10. The only item in this account to which Von Minden made objection, was the charge for assignee's fees.

On July 12, 1880, a few days before the said accounts were adjusted between the plaintiff and Von Minden, the defendant Elizabeth wrote a letter to the plaintiff in the name of the defendant Reinhold, and by his authority, in which it was stated, among other things, as follows :

" You wish to make a settlement with me and I am ready to do it on the following conditions :

" The note of $1,250, dated January 5, '78, which Mrs. Von Minden gave you to secure the claim of the Cleveland Organ Co. must be returned to her, as the same was charged to me May 24, '78, and was covered by me.

" The assignee's fees have been charged too high.    *    *    * In my estimation you are to not more than $300 assignee's fees entitled.

" Will you please remember that in my compromise deed you signed for $777.59 ; on that sum you are entitled to 30 per cent, which amounts to $233.28, and $544.31 was charged to me too much.    *    *    *

" This last amount, with over-charge on interest, reduces this mortgage to about $1,200, for which amount Mrs. V. M. is willing to give you a new mortgage.

" This is a settlement as I will and shall make it with you — an honest settlement, and such as you demand of me is dishonest, unlawful and exorbitant in highest degree."

A few days previous to July twenty-ninth the plaintiff and Mr. Von Minden met at the office of the plaintiff's attorneys. Mr. Von Minden still disputed the correctness of some of the charges in the statement of accounts before referred to, and the plaintiff then consented to make certain deductions,

whereby the balance due to him upon both accounts should be reduced to the sum of $1,752.53. This was satisfactory to Mr. Von Minden, and it was then agreed between the parties that that sum was owing to the plaintiff by Von Minden, and that for $1,500 thereof these defendants should give to the plaintiff a bond, secured by a mortgage upon the premises described in the complaint, and that. for the balance ($252.53), the defendant Reinhold should make his five promissory notes — four for the sum of $50 each, and the fifth for the sum of $52.53, and payable respectively at four, five, six, seven and eight months from date. It was also then agreed that the plaintiff should satisfy and discharge the said Parshall bond and mortgage, and that the defendant Reinhold's note for $1,250, with the defendant Elizabeth's indorsement, and also the defendant Reinhold's four notes for $625, each given to him for $2,500 loaned to him on the said Parshall mortgage, should be surrendered by the plaintiff. At the request of the defendant Reinhold, the plaintiff consented that the proposed mortgage for $1,500 should cover only a portion of the premises covered by the said Parshall mortgage, which premises some time prior to said settlement had been conveyed to and were then held and owned by the defendant Elizabeth. July 29, 1880, all the parties met at the office of the attorneys for the purpose of carrying out such agreement. The bond and mortgage in suit was executed, acknowledged and delivered to the plaintiff by the defendants; Reinhold Von Minden made and delivered his said five promissory notes aggregating the sum of $252.53; plaintiff satisfied the Parshall mortgage and delivered up the four notes of $625 each and also the note indorsed by Elizabeth for $1,250. Thereafter and until January 1, 1883, the defendants paid the interest upon the bond and mortgage.

Upon the facts found, the referee directed a judgment to be entered in favor of the plaintiff.

The judgment entered pursuant to such direction was reversed by the General Term upon questions of law and not upon the facts.

*Nathaniel C. Moak* for appellant. The order of the General Term not stating that the reversal was upon questions of fact, only questions of law, arising upon the facts found, are open to consideration here. The court will not review questions of fact. (Code, § 1338; *Day* v. *New Lots*, 107 N. Y. 153 ; *Baldwin* v. *Doying*, 114 id. 455 ; *Quincy* v. *White*, 63 id. 370 ; *Van Tassel* v. *Wood*, 76 id. 614 ; *Snebley* v. *Couren*, 78 id. 218 ; *Downing* v. *Kelly*, 48 id. 433 ; *Shelden* v. *Shelden*, 51 id. 354 ; *Kirkland* v. *Leary*, 50 N. Y. 678.) The referee correctly held that inasmuch as the bond and mortgage were given upon the settlement and adjustment of a dispute between plaintiff and defendant Reinhold, it was founded upon a legal consideration, and was valid. The General Term erred in reversing the judgment in plaintiff's favor. (*Stackpole* v. *Robbins*, 47 Barb. 212, 219 ; *McCrea* v. *Purmort*, 16 Wend. 460, 471–475 ; *Rosboro* v. *Peck*, 48 Barb. 92, 95 ; *Barker* v. *Bradley*, 42 N. Y. 316 ; *Adams* v. *Hull*, 2 Denio, 310 ; *Walcott* v. *Reynolds*, 2 Robt. 620 ; *Ely* v. *McKnight*, 30 How. Pr. 97 ; *Cameron* v. *Fowler*, 5 Hill, 368 ; *A. S. Bank* v. *Burdick*, 87 N. Y. 40 ; *Waring* v. *Sornborn*, 82 id. 604, 605 ; *In re Lupziger*, 8 Daly, 78, 80 ; *Newell* v. *Praagh*, L. R. [9 C. P.] 96 ; *In re Reiman*, 13 Nat. Bank Reg. 128, 133 ; *In re Hurst*, id. 455, 463 ; *Cranby* v. *Hillary*, 2 M. & S. 120 ; *Oughton* v. *Trotter*, 2 N. & M. 71 ; *Haggerty* v. *Simpson*, 1 E. D. Smith, 67.) Plaintiff had, or at least had reasonable ground to believe he had, two remedies. (*Russell* v. *Cook*, 3 Hill, 504 ; *Crans* v. *Hunter*, 28 N. Y. 394 ; *Palmer* v. *North*, 35 Barb. 293; *Carpenter* v. *Kent*, 101 N. Y. 591 ; *Callisher* v. *Bischoffsheim*, L. R. [5 Q. B.] 449 ; *Ockford* v. *Barrelli*, 20 Wkly. Rep. 116 ; *Mayor* v. *Kirby*, 2 Leg. Chron. Rep. 333, 334 ; *White* v. *Hoyt*, 73 N. Y. 505, 508 ; *Wahl* v. *Barnum*, 22 N. E. Rep. 280 ; *Goldsmith* v. *Glatz*, 31 N. Y. D. Reg. 689 ; 44 Hun, 622 ; *Feeter* v. *Weber*, 78 N. Y. 334 ; *Looby* v. *West Troy*, 24 Hun, 78 ; *Scott* v. *Warner*, 2 Lans. 51, 52 ; *Farmers' Bank* v. *Blair*, 44 Barb. 641 ; *Wehrum* v. *Kuhn*, 61 N. Y. 623 ; *Swift* v. *State*, 89 id. 62 ; *B. Bk.* v. *Waring*, 2 Sandf. Ch. 1 ; *Board, etc.*, v. *L. & N.*, 109 U. S.

221; *U. S.* v. *Clyde*, 13 Wall. 35; *U. S.* v. *Justin*, 14 id.
535; *Warren* v. *St. Paul*, 5 Dill. 498; *Burdell* v. *Bissell*, 6
Col. 162; *Houdert* v. *Schneider*, 4 Bradw. 203; *Read* v.
*Hitchings*, 71 Me. 590; *Matthews* v. *Westborough*, 134 Mass.
555; *Downing* v. *Ely*, 125 id. 369; *Boone* v. *Boone*, 58 Miss.
820; *Pitkin* v. *Noyes*, 48 N. H. 294; *Paxson* v. *Hewson*, 14
Phila. 174; *Warren* v. *Williamson*, 8 Baxt. 427; *Cameron*
v. *Shannon*, 56 Tex. 23; *Keson* v. *Barclay*, 2 Penn. 531;
*Stoddard* v. *Mix*, 14 Conn. 12; *Vandyke* v. *Davis*, 2 Mich.
144.) The principle upon which the court below decided
the case was clearly erroneous. (*Cameron* v. *Fowler*, 5
Hill, 306, 308; *Stafford* v. *Bacon*, 1 id. 532.) If the
Parshall bond and mortgage was not released, the mortgage in
suit has a good consideration. (*Lawrence* v. *Clark*, 36 N. Y.
128; *Williams* v. *Schreiber*, 14 Hun, 38; *Baldwin* v. *Moffett*,
94 N. Y. 82.) Even if the release discharged the Parshall
bond and mortgage and the other debts due the plaintiff, the
moral obligation remained, and the defendants gave the bond
and mortgage in suit as a new promise, upon a new consider-
ation, and the plaintiff can recover. (*Dusenbury* v. *Hoyt*, 53
N. Y. 521; *Stearns* v. *Tappan*, 5 Duer, 294; *Bullock* v.
*Boyd*, 2 Edw. Ch. 292; *Dunham* v. *Griswold*, 100 N. Y.
224; *Carpenter* v. *Kent*, 101 id. 591.) Mrs. Von Minden
could mortgage her separate property for her husband's debts,
and the mortgage is good in any aspect of the evidence. (*Dem-
arest* v. *Wynkoop*, 3 Johns. Ch. 129, 130.) The findings
would have supported a reformation of the contract, because
it is shown and found that the mistake of fact was mutual.
(*Rider* v. *Powell*, 28 N. Y. 310; *Barlow* v. *Scott*, 24 id. 40;
*Nevins* v. *Dunlap*, 33 id. 676.) This is an equity case. The
judgment is in accordance with equity, and will not be reversed
for mere technical errors not resulting in a miscarriage of
justice. (Code, § 1003; *Forest* v. *Forest*, 25 N. Y. 501;
*People* v. *Gonzales*, 35 id. 60; *In re N. Y. C. & H. R. R.
R. Co.*, 90 N. Y. 342, 347; *Marsh* v. *Pierce*, 21 Wkly. Dig.
51; *Wright* v. *Dugan*, 15 Abb. [N. C.] 108, 120, 121; *Brown*
v. *Murdock*, 12 id. 360, 379; *Clapp* v. *Fullerton*, 34 N. Y.

190; *King* v. *Whaley*, 59 Barb. 71; *Platt* v. *Platt*, 2 T. & C. 25; *Scott* v. *Pilkington*, 15 Abb. Pr. 280.) What was said and done by plaintiff and defendant Reinhold was competent against or in behalf of either. (*Whiting* v. *Barney*, 30 N. Y. 330; *Hibbard* v. *Houghlin*, 70 id. 55; *Britton* v. *Lorenz*, 45 id. 51; *Hurlburt* v. *Hurlburt*, 2 N. Y. Supp. 318; 50 Hun, 600; *Rosenberg* v. *Rosenberg*, 40 id. 100; *In re Hicks*, 14 N. Y. S. R. 324; 47 Hun, 637.)

*M. M. Budlong* for respondents. The record discloses no error of law justifying reversal, and judgment absolute should be ordered against the plaintiff, appellant, under the stipulation. (*Krekeler* v. *Thaule*, 73 N. Y. 608; *Godfrey* v. *Moser*, 66 id. 250.) The mortgage in suit is void for want of consideration. (*Leonard* v. *Vredenburgh*, 8 Johns. 37; *Charter* v. *Beckett*, 7 T. R. 201; *Warin* v. *Warlters*, 5 East. 10; *McNaught* v. *McClaughry*, 42 N. Y. 25; *Mallory* v. *Gillett*, 21 id. 41–44; *E. Bank* v. *Kaufman*, 93 id. 289; *Vanderbilt* v. *Schreyer*, 91 id. 401.) The referee erred in his conclusion that a debt which has been released and discharged by the voluntary act of the creditor, for less than the full amount, leaves such a moral obligation on the part of the debtor to pay the balance as will support an express promise to pay it. (1 Pothier, 477; *Wannell* v. *Adney*, 3 B. & P. 249; *Eastwood* v. *Kenyon*, 11 Ad. & El. 447; *Bedermont* v. *Reeve*, 8 Q. B. 486; *Smith* v. *Ware*, 13 Johns. 258; *Stafford* v. *Bacon*, 1 Hill, 535; *Goulding* v. *Davidson*, 26 N. Y. 620; *Crans* v. *Hunter*, 28 id. 393; *Watkins* v. *Halstead*, 2 Sandf. 311; *Geer* v. *Archer*, 2 Barb. 425; *Warren* v. *Whitney*, 24 Me. 561; *Valentine* v. *Foster*, 1 Metc. 520; *Shephard* v. *Rhodes*, 7 R. I. 470; *Snevily* v. *Read*, 9 Watts, 399; *Montgomery* v. *Lampton* 3 Metc. 519.) It is certainly a general principle of law that the settlement of a doubtful claim by the parties will not be disturbed by the court, but there are many exceptions to the rule, and many qualifications and circumstances which will restrict and limit its application. (*Stewart* v. *Ahrenfeld*, 4 Den. 189; *Wehrum* v. *Kuhn*, 61 N.

Y. 623; *Feeter* v. *Webcr*, 78 id. 337; *Organ* v. *Stewart*, 1 Hun, 415; *Shorman* v. *Bernard*, 19 Barb. 302; *In re Hurlbert*, 89 N. Y. 259; *In re Dean*, 36 id. 398; *Morey* v. *Town of Newfane*, 8 Barb. 554; *Wade* v. *Simeon*, 2 C. B. 564; *Longridge* v. *Dorville*, 5 B. & Ald. 122; *Jones* v. *Ashburnham*, 4 East, 463; *Wade* v. *Simeon*, 1 C. B. 610; *Cook* v. *Wright*, 1 B. & S. 559; *Jordan* v. *Stevens*, 51 Me. 83; *Wheeler* v. *Smith*, 9 How. [U. S.] 83; *Barnwell* v. *Threadgill*, 3 Jones Eq. 50; *Leonard* v. *Same*, 2 B. & B. 180; *Bishop* v. *Reed*, Watts & Serg. 261; *Cabot* v. *Haskins*, 3 Pick. 33; *Morey* v. *Town of Newfane*, 8 Barb. 645; *Perkins* v. *Gay*, 3 S. & R. 331; *Bingham* v. *Bingham*, 1 Ves. 127; *Cocking* v. *Pratt*, 1 id. 400.) But the mortgage in suit is clearly void for another reason. The giving of it was an attempt on the part of Zoebisch and Von Minden to carry out an agreement which was void because a fraud upon the other creditors. (*Britten* v. *Hughes*, 15 C. L. 488–502; 5 Bing. 465; *Homer* v. *Viner*, 1 Esp. 131; *Russell* v. *Rogers*, 10 Wend. 474; *Van Brunt* v. *Van Brunt*, 3 Edw. Ch. 14; *Wiggins* v. *Bush*, 12 Johns. 309; *Lawrence* v. *Clark*, 36 N. Y. 127; *Russell* v. *Rogers*, 10 Wend. 473; Bishop on Ins. Corp. [2d ed.] 465.)

PARKER, J. The General Term held that the sum secured by the Parshall mortgage was discharged by the composition agreement and deed of release. And that the discharge having been voluntary, it left no moral obligation on the part of the debtor sufficient to support a promise of payment. (*Zoebisch* v. *Von Minden*, 47 Hun, 213.)

Such holding was based upon the authority of *Stafford* v. *Bacon* (1 Hill, 532), where it is held that a moral obligation remains which will support a subsequent promise to pay, when the discharge of a creditor is by compulsion of law and, therefore, involuntary, but not where the discharge is voluntary.

Whether the distinction thus made by Judge COWEN should be followed need not be determined here, because the facts found present for consideration a different proposition.

If Von Minden had paid the thirty per cent of the sum of $777.59 which plaintiff promised by the composition agreement to accept in full, and thereafter had voluntarily given the mortgage in controversy for the balance of seventy per cent, about the release of which amount there was neither dispute nor opportunity for difference, then would be presented the question upon which the learned General Term passed. But in this case there was previous to the 29th day of July, 1880, an open account existing between the plaintiff individually and Von Minden, and another between the plaintiff as assignee and Von Minden, which, after considerable dispute, was, at the date last mentioned, settled, and the mortgage in controversy given for a portion of the amount which the parties found, and agreed to be due and owing, to the plaintiff.

The bond and mortgage having been given upon the settlement and adjustment of a dispute between plaintiff and Von Minden, the inquiry is presented whether they must be held to be founded on a legal consideration and, therefore, valid.

"In the absence of fraud or duress, a settlement of a disputed claim preferred in good faith by a promisee against a promisor, is a legal consideration for a promise; and the fact that the promisor had a legal defense to the claim settled is no defense to an action on the new promise." (*Wahl* v. *Barnum*, 116 N. Y. 87.)

The defendants neither allege in their answer nor assert by proof that there was any mistake in the account as presented and settled; or that the settlement was induced in whole or in part by fraud or duress on the part of the plaintiff.

Indeed, the only issue tendered by the answer of Von Minden is that the plaintiff, by reason of the composition deed, became bound to accept from him thirty cents on a dollar for the entire indebtedness, including the Parshall bond and mortgage, and that by reason thereof he was not indebted in any sum to the plaintiff at the time of the giving of the bond and mortgage in question. The position of the defendant, therefore, as manifested by his pleading and subsequent conduct of

the trial, is that as to one of the items of the account, which was the subject of controversy and subsequent settlement, there was no liability on his part; that as to it, he had a good defense. Assuming that he had a good defense to any claim based upon the Parshall mortgage at the time of the making of the settlement, and subsequent execution and delivery of the bond and mortgage in pursuance thereof, nevertheless he is without defense to an action based upon the promise resulting from the settlement in the absence of mistake, fraud or duress, if the claim, although doubtful, was preferred in good faith by the plaintiff. As we have already said, there is no pretext that, in the presentation or settlement of the account, there was any mistake, fraud or duress. If, then, the account was presented in good faith, and it constituted even a doubtful claim against the defendant, it furnished a good consideration to support the settlement and subsequent promise based in part thereon. (*Crans* v. *Hunter*, 28 N. Y. 394.)

It is said that the resignation of a plausible or colorable claim by a settlement between the parties, constitutes a good consideration. ( *White* v. *Hoyt,* 73 N. Y. 505 ; *Goldsmith* v. *Glatz*, 31 N. Y. D. Reg. 689.)

All the circumstances surrounding the transaction point to the good faith of the plaintiff in insisting that the Parshall mortgage was a valid claim against Von Minden.

Besides himself, there were three mortgage creditors in amounts varying from $2,500 to $11,000. They were not asked to and did not participate in the composition agreement. The plan, of which the defendant had full knowledge, was to arrange a compromise with the unsecured creditors, and, as the plaintiff was also an unsecured creditor in a certain amount, he signed the agreement specifying the amount of his claim. And down to the time of the presentation of his account, the defendant had not tendered or offered to pay him thirty cents on a dollar on account of the indebtedness secured by a mortgage, nor in any way suggested that he was not legally entitled to the full amount, as well as the other mortgage creditors. Indeed, he had reason to believe that in any event he had cer-

tain legal remedies against the defendant which might secure to him his demand.

If then it appears that his claim furnished opportunity for controversy, although a favorable result could not have been safely predicted, or the chance of success seemed to have been doubtful, the sufficiency of the consideration required to support the bond and mortgage given, on the settlement, must be deemed established.

Was not the plaintiff's claim at least a doubtful one? He did not intend to include the bond and mortgage in the composition agreement and release, and the defendant so understood it. The referee has so found. As to these parties, therefore, the agreement and release were executed under mistake.

The plaintiff, therefore, had some ground to believe that an action in equity might be maintained to so reform the release as that it should not discharge the Parshall bond and mortgage.

The other parties to such instruments may have defended, and perhaps successfully, had such an action been brought. Whether they would have attempted a defense, or if they had, what would have been the result, there is nothing in the record to indicate.

Again, it is held that where a debtor fails to pay the percentage stipulated for in a composition agreement within the time specified therein, the original debt is revived and the creditor may collect the entire amount. (*H. N. F. Bank* v. *May*, 29 Hun, 404; 99 N. Y. 671.)

At the time of the presentation of the account, more than a year had elapsed since the date fixed by the agreement for final payment of the notes to be given. But, the referee finds that the defendant had not delivered or tendered to the plaintiff any notes whatever on account of the indebtedness secured by the Parshall mortgage. That situation remained unchanged down to the time of settlement, which resulted in the execution and delivery of this mortgage. According to the findings before us, therefore, it would appear that the plaintiff had reason to believe that even if the Parshall bond and mortgage were included in the release that the liability

of the defendant had been revived by his failure to perform the agreement as to payment, and that an action could be successsfully maintained thereon upon the authority of *H. F. N. Bank* v. *May* (*supra*).

The effect upon the release of defendant's agreement to pay one of his creditors more than the others need not be considered, as we think it already appears that the plaintiff had more than a mere colorable or plausible claim for the sum secured by the Parshall mortgage.

That at the least plaintiff is entitled in this action to have it regarded as a "doubtful claim." Such claim was not only included in the settlement made, but it was formally released by the satisfaction of the Parshall bond and mortgage. We are, therefore, led to the conclusion that the claims included in the adjustment and upon which the settlement was, after much controversy, based, were of such a character as to furnish a good consideration to uphold the promise given.

The separate defense interposed by Elizabeth J. Von Minden is without force. She not only expressly charged her separate estate, but in addition received a substantial consideration in the surrender of her indorsement on the $1,250 note and the release of part of the premises covered by the Parshall mortgage.

The order appealed from should be reversed, and the judgment entered upon the report of the referee affirmed with costs.

All concur.

Order reversed and judgment affirmed.