### DOVALE v. ACKERMANN et al.

*(Supreme Court, General Term, First Department. June 26, 1891.)*

ESTOPPEL—ADMISSIONS.

Plaintiff, having advanced money to a firm of which defendant was formerly a partner, asserted a claim against defendant on the ground of such partnership. Defendant denied the liability, but promised to repay to plaintiff in monthly payments of $100 each the amount so loaned by her, and he made several payments under the agreement. Afterwards he refused to make further payments unless plaintiff would sign a paper admitting that defendant was under no legal obligation to pay her such amount, and that the promise to pay on his part was purely voluntary. The writing also contained a promise by plaintiff that she would assert no claim against defendant. After the writing was signed, defendant continued to pay the $100 per month. *Held*, that plaintiff was estopped by such writing afterwards to assert a claim against defendant.

Appeal from circuit court, New York county.

Action by Ricot J. Dovale against Bernard L. Ackermann, Jr., and Bernard L. Ackermann, sued herein as Bernard L. Ackermann, Sr. The letter referred to in the opinion is as follows .     "NEW YORK, Sept. 3, 1885.

"DEAR SIR : In answer to yours of the 25th of June last, on the subject of the sums of money intrusted by myself to Ackermann Brothers for the purpose of extending their business of manufacturing the Café des Gourmets, and thereafter to be conducted for their mutual benefit and that of my son David, I have to say that I regret exceedingly to ever have parted with that money, and feel very sorry that the enterprise has turned out so unfortunately for all concerned. Now, as to the tender of said business to me in lieu of the claim, I cannot accept, as I am not in the position to conduct such

business. I am, however, thankful to you, and accept your kind offer to pay off that debt in the manner you state, to-wit, in monthly payments of $100 each, until the principal and interest is paid up, or, as you state, as long as your own business shall afford you an adequate profit to do so, for I know well that the whole transaction was done without your consent or knowledge, that you are wholly irresponsible as to said debt, and that whatever you do and have done so far is simply in consideration of your friendship to my late husband and his family. I will further add that I agree to receive said payment as stated, and will at no time demand the payment of the whole amount due in full as long as the monthly payments are regularly made to me, and, should I unfortunately be compelled to do so, it would only be against the firm of Ackermann Brothers, as I have no claim whatever against yourself.

"Yours, truly,                                          R. J. DOVALE."

From a judgment entered on a verdict for plaintiff, defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Coudert Bros.*, (*Frederic R. Coudert* and *John N. Lewis*, of counsel,) for appellants. *James M. Lyddy*, for respondent.

BARTLETT, J. It seems to me that the plaintiff in this case is estopped by the admissions contained in her letter of September 3, 1885, and by the receipt of the considerable sum of money which was paid on the faith of those admissions, from maintaining any action against Bernard L. Ackermann, Sr., on the ground that her loan was made to a firm of which he was a member. The plaintiff sought payment from him upon the theory that he was a partner with his sons in the firm which received her money. He repudiated any such liability, but avowed his willingness to make good to her the amount of the loan by paying $100 a month. After making a number of these monthly payments, he seems to have been apprehensive that she might renew her original claim against him, based on the allegation of partnership; and accordingly he drafted the letter of September 3, 1885, and declined to pay her anything more unless the plaintiff signed it. This she did, and Mr. Ackermann, Sr., went on paying her $100 a month until May, 1886, when, as he says, he ceased the payments because he was unable any longer to continue them. Now, the letter of September 3, 1885, contains a clear and unqualified admission that the senior Ackermann was under no legal obligation whatever to repay Mrs. Dovale the money which she had placed in the hands of his sons during his absence in Europe. By making that admission she induced Mr. Ackermann, Sr., to pay, and acquired for her own benefit, moneys which otherwise she could not have obtained; and to allow her now to repudiate the statements contained in that letter as false would be to injure him to the extent of the aggregate amount of the subsequent monthly payments. Here are the essential elements of an equitable estoppel by admission, (*Trustees* v. *Smith,* 118 N. Y. 634, 23 N. E. Rep. 1002;) and I think the plaintiff's letter should be deemed an insuperable obstacle to any recovery in her behalf against the senior Ackermann as a partner, unless it can be held that the plaintiff was forced to write the letter by duress. There is no suggestion that there was any personal duress, but there is said to have been duress of goods, because the plaintiff was in straitened circumstances, and Mr. Ackermann, Sr., told her that he would not give her a cent if she did not write the letter exactly as he wanted her to write it. This was not enough to constitute duress of goods under any authority to which we have been referred, and it was error to leave any question of duress to the jury. See *Hackley* v. *Headley,* 45 Mich. 569, 8 N. W. Rep. 511, per COOLEY, J., and *Stilliman* v. *U. S.,* 101 U. S. 465. In the course of his charge the learned trial judge expressed the opinion that if Mr. Ackermann, Sr., was not a member of his sons' firm, "then all these subsequent transactions between him and Mrs. Dovale were founded upon no consideration, but were gratuitous, and do not

constitute a promise upon which he is liable at law." It does not seem to me clear that this view is correct. A consideration for the agreement to pay $100 a month may be found in Mrs. Dovale's abandonment of her claim against Mr. Ackermann, Sr., in his capacity of partner, as evidenced by her letter of September 3, 1885. In my opinion the judgment should be reversed, and a new trial should be granted. All concur.