(11 Misc. Rep. 245.)

DOVALE v. ACKERMAN.

(Common Pleas of New York City and County, Trial Term. February, 1895.)

COMPROMISE—INVALID CLAIM.

   A promise made in consideration of the release by the promisee of a claim against the promisor is valid, though the claim released was not enforceable, as forbearing to prosecute the claim is sufficient to support the promise.

Action by Clarita Dovale against Bernard L. Ackerman. A verdict was rendered in favor of defendant, and plaintiff moves for a new trial on the minutes. Granted.

Edward W. S. Johnston, for the motion.
Coudert Bros., opposed.

DALY, C. J.   The action was brought upon an alleged agreement of the defendant, made in 1884, that if the plaintiff would release him from liability as a partner of his sons, to whom she had lent a sum of money, he would repay the loan in monthly installments of $100.   The defendant made monthly payments to her for a period of over two years, and then discontinued them, and this action was brought for the balance unpaid of the original loan. The defense was that the agreement by defendant to repay the loan made to his sons was voluntary and without consideration, and was conditional, i. e. that the payments were to be made as long as his business afforded an adequate profit to do so.   The issue thus raised was submitted to the jury.   They were told that the plaintiff's testimony indicated an agreement founded upon the consideration of her relinquishing her claim on him as a partner of his sons, and that she claimed that the evidence of his connection with this firm of B. L. Ackerman Sons indicated that he had an interest in it, as supporting the consideration for the promise; that, on the defendant's part, he claimed that certain admissions in writing made by her, to the effect that his payments were voluntary and that she had no claim against him, were corroborative evidence that his version of the agreement was correct, and that there was no claim against him, and that he was making the payments as a matter of favor; and that, from a certain affidavit made by her in 1889, it appears that she could not have made a claim against him in 1884, based upon a contention that he was liable for any debts of Ackerman Sons.

It thus appears that the case was submitted to the jury upon the question whether the plaintiff made a claim against defendant, and whether, in consideration of her relinquishing that claim, he promised to pay the installments in question, or whether no such claim was made, and the promise of defendant was voluntary, as well as conditioned upon what his business would afford.   At the conclusion of the charge the counsel for defendant asked the court to charge that, "if the jury find that there was no original liability by Bernard L. Ackerman to Mrs. Dovale, there was no consideration for his promise to make the payments to Mrs. Dovale."   This request was acceded to, and the jury retired, subsequently returning with a verdict for the defendant.   The effect of the charge as requested is undoubted.   No one can say that it did not control the verdict, for under it the jury were bound to find that the defendant was originally liable as a partner, before he could be made liable upon the agreement set up by the plaintiff, even though the jury should find that it was unconditional, and in the very terms as claimed by her.   That the instruction was erroneous, there can be no doubt.   This very agreement was considered by the supreme court (Dovale v. Ackermann, 15 N. Y. Supp. 196); and the general term concurred in the view that the promise of the defendant was not gratuitous, if he was not a member of his sons' firm, and that

"a consideration for the agreement to pay one hundred dollars a month may be found in Mrs. Dovale's abandonment of her claim against Mr. Ackerman, Sr., in his capacity of partner, as evidenced by her letter of September 3, 1885." In the letter referred to by the court, which was signed and delivered to defendant at his request, the plaintiff, while acknowledging that defendant is "wholly irresponsible as to said debt," and that whatever he did and had done so far was simply in consideration of his friendship to her late husband and his family, concludes as follows:

"I will further add that I agree to receive such payment as stated, and will at no time demand the payment of the whole amount due, in full, as long as the monthly payments are regularly made and met; and, should I unfortunately be compelled to do so, it would only be against the firm of Ackerman Bros., as I have no claim whatever against yourself."

The view taken by the general term of the supreme court, as above expressed, is supported by conclusive authority:

"It is not necessary, to uphold a promise based upon the surrender or composition and compromise of a claim, that it was a valid claim,—one that could be enforced at law." White v. Hoyt, 73 N. Y. 505–514. "The real consideration which each party receives under a compromise being, not the sacrifice of the right, but the settlement of the dispute and the abandonment of the claim, it is no objection to the validity of the transaction that the right was really in one of the parties only, and that the other had no right whatever. The fact that one may have had no claim is immaterial, if he was honestly mistaken as to his claim. It is enough if, at the time of the compromise, he may have believed he had a claim, and that the parties have, by the transaction, avoided the necessity of going to law." 1 Chit. Cont. (11th Am. Ed.) 46, and notes. "The law favors such settlements of controversies, and finds a consideration for the contract looking to the compromise in the mutual agreement of the parties to abide the result of the settlement." 3 Am. & Eng. Enc. Law, 838. "The prevention of litigation is not only a sufficient, but a highly-favored consideration; and no investigation into the character or value of the different claims submitted will be entered into for the purpose of setting aside a compromise, it being sufficient if the parties entering into the promise thought at the time that there was a question between them." 1 Pars. Cont. 364. "The fact that the promisor had a legal defense to the claim settled is no defense to an action on the new promise." Wahl v. Barnum, 116 N. Y. 87, 22 N. E. 280; Zoebisch v. Von Minden, 120 N. Y. 406, 24 N. E. 795.

Applying the above principles, it is clear that the plaintiff's right of recovery upon the agreement should not have been made to depend upon the finding by the jury that there was an original liability by agreement to her. It was enough if they thought at the time that there was a question between them, or even if she believed she had a claim, although she was honestly mistaken in that belief. The promise to forbear prosecuting a claim against the defendant as a copartner in his sons' firm, if he apprehended that she might make such a claim, was a good consideration for his promise. It may have been of the highest value and importance to him that no such question should be raised and no such liability claimed, and his promise, based upon the relinquishment of such a claim at the time, constituted a benefit which upholds the promise.

The motion for a new trial is opposed upon the ground that no exception was taken by the plaintiff to the erroneous instruction. There is a dispute upon this point, but it is not material. An exception is not indispensable to a review by the court of errors

committed at the trial, whether in the admission or exclusion of evidence (Maier v. Homan, 4 Daly, 168; Wehle v. Haviland, 42 How. Pr. 399–409), or in the judge's charge (Lattimer v. Hill, 8 Hun, 171; Benedict v. Johnson, 2 Lans. 94; Costello v. Railway Co., 65 Barb. 92, 105; Johnson v. McConnel, 15 Hun, 293; Pettis v. Pier, 4 Thomp. & C. 690; Wehle v. Haviland, supra; De Lavalette v. Wendt, 11 Hun, 432). The verdict in this case was contrary to law, and the motion for a new trial upon the minutes was properly made upon that ground. Code, § 999. Upon such a motion the whole case is before the court, upon the law as well as the facts. Tate v. McCormick, 23 Hun, 218; Wehle v. Haviland, supra. The motion for a new trial must be granted, with costs to abide the event.

Motion granted, with costs to abide event.