■ JUDITH LEIBOWITZ, Appellant, v JOSEPH SZOVERFFY, Defendant and Third-Party Plaintiff-Respondent. RUTH SCHMIDT et al., Third-Party Defendants-Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered August 28, 1979 in Albany County, which dismissed the complaint as amended, the counterclaim, the third-party complaint and the cross claim. The plaintiff, a former member of the faculty of the State University of New York at Albany (SUNYA), was denied tenure in December of 1974 by a vote of four to one at the initial departmental tenure review. This denial was affirmed at three subsequent levels of the tenure review process; the last of which was the denial by the President of SUNYA. As a result, plaintiff commenced article 78 proceedings in October, 1975 and March, 1976, challenging the determinations denying her tenure as arbitrary and capricious. These petitions were dismissed on October 7, 1980 by Special Term. Plaintiff also commenced an action against Joseph Strelka, another professor of SUNYA, which was also dismissed by Special Term on January 10, 1979 and her appeal from this dismissal was not perfected. In January, 1976, plaintiff instituted a proceeding with the New York State Division of Human Rights alleging sex discrimination in her tenure denial. The division found a violation of article 15 of the Executive Law and the appeal by SUNYA from this determination is pending in this court. Plaintiff commenced the instant action against defendant Szoverffy,

the then chairman of her department,[*] in December, 1975, alleging tortious interference with her contractual relations and libel. Defendant counterclaims for libel and impleaded the third-party defendants, seeking indemnity. Special Term correctly granted defendant's motion for summary judgment, dismissing the amended complaint, counterclaim, third-party complaint and the cross claim. A predicate for both alleged causes of action is malice. As to the tortious interference with contractual relations cause of action, the defendant's conduct must be shown to be solely malicious *(Williamson, Picket, Gross v 400 Park Ave. Co.,* 47 NY2d 769, 771). The exercise of the defendant's equal or superior legal or social right, as chairman of the plaintiff's department, to express his honest although critical opinion of the plaintiff's performance of her duties precludes a finding that he was motivated solely by malice and justifies his commission even of what otherwise might amount to an actionable wrong *(Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276). Likewise, as department chairman, the expressed opinion by defendant of plaintiff's performance, although critical, is protected by a qualified privilege requiring plaintiff, in response to defendant's summary judgment motion to dismiss, to demonstrate that the statements made by the defendant were motivated by actual malice or actual ill will *(Stukuls v State of New York,* 42 NY2d 272, 279; *Shapiro v Health Ins. Plan of Greater N.Y.,* 7 NY2d 56, 61). Plaintiff's failure to show the malice requirement essential to both of her causes of action renders them insufficient. The complaint was properly dismissed. There is no need to consider Special Term's dismissal of the third-party complaint, cross claim and the counterclaim since only plaintiff is appealing. The judgment should be affirmed. Judgment affirmed, with costs. Sweeney, J.P., Main, Casey, Mikoll and Herlihy, JJ., concur.

---

[*] In November, 1975, after the plaintiff's sole supporter had become chairman of the department, she was granted a second tenure review and was again denied tenure.