■ JOHN FIELDY, Appellant, v JOHN P. WEIMER, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 5, 1990 in Ulster County, upon a verdict rendered in favor of defendant.

Plaintiff commenced this action seeking to recover damages for injuries sustained when he was struck by an automobile operated by defendant while plaintiff was walking along Forest Road in Ulster County on September 17, 1986 at approximately 9:00 P.M. On the day of the accident both plaintiff and defendant were traveling in an easterly direction on Forest Road. Road conditions were good that day and the streets were dry. While Forest Road was relatively level, it had no shoulders or curb for a pedestrian to walk. Furthermore, the street was very dark and there were no streetlights in the vicinity of the accident. The permitted speed limit in the area of the accident was 55 miles per hour and defendant testified that he was driving approximately 50 miles per hour at the time he hit plaintiff. Defendant stated that he was using low beams on his car and that he did not see plaintiff until plaintiff was in front of the passenger side of his car. Defendant testified that he turned to the left to avoid plaintiff but that plaintiff nonetheless came in contact with the passenger side of his car.

As a full-time resident at the Mid-Hudson Psychiatric Center, plaintiff did not testify at trial but his deposition was introduced into evidence. In it, plaintiff admitted that he had been drinking for several hours before he decided to jog home on Forest Road. Since the road had no shoulder he had to jog on the edge of the road. At the time, plaintiff was dressed in a

dark coat, blue jeans and brown shoes, and was listening to a portable radio with headphones. Plaintiff admitted having tripped toward the roadway just before the accident but he did not remember the accident itself. Shortly before the collision, plaintiff was passed on the road by at least one car, driven by Christine Winters, a nonparty witness. Winters testified that at the point she approached plaintiff she could only see him because of light provided by an oncoming car combined with a streetlight located at that point. She could not see plaintiff in the illumination of her own headlights. Winters testified that she noticed that plaintiff was wearing dark clothing and headphones. He also seemed to be stepping in and out of the road so she had to wait for the oncoming car to pass her so that she could pull into the opposite lane and thereby avoid hitting plaintiff. Following the conclusion of all evidence, the jury returned a verdict in favor of defendant. Plaintiff's motion to set aside the verdict as against the weight of the evidence was denied and this appeal followed. There must be an affirmance.

We reject plaintiff's contention that Supreme Court erred in denying plaintiff's motion to set aside the jury verdict as against the weight of the evidence. "A verdict may be successfully challenged as against the weight of the evidence only when the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" *(Frasier v McIlduff,* 161 AD2d 856, 858; *accord, Sprung v O'Brien,* 168 AD2d 755). In our view, such a circumstance has not been presented in the case at bar.

Here, there was ample evidence at trial to support the jury's verdict. Not only is it undisputed that plaintiff was wearing dark clothing and headphones on an unlit dark street, but it is also undisputed that he had been drinking and had stumbled into the road at least once before defendant approached him. From this evidence, a jury could reasonably infer that plaintiff, practically invisible to oncoming cars and unable to hear them approaching, stumbled into defendant's path. In the absence of evidence that defendant was speeding or driving imprudently, it was well within the jury's province to find, as it did, for defendant. While plaintiff labels defendant's testimony that he did not see him "incredible", it was for the jury to assess the credibility of witnesses *(see, Buchberger v Barrack,* 151 AD2d 632, 633), and we do not find its assessment unreasonable under the circumstances.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.