■ ROBERT STISO, Respondent, v INSERRA SUPERMARKETS, INC., Appellant, et al., Defendants.—Harvey, J.

Defendant Inserra Supermarkets, Inc. (hereinafter defendant), an owner of various Shop Rite grocery stores, purchased many of the snack foods sold in its stores from defendant Natsnax, Inc.,* a food distributor. In order to deliver snacks to

---

* Natsnax is a wholly owned subsidiary of Natpac, Inc. which was named as a defendant in the complaint. Although both Natsnax and Natpac, Inc. answered, they did not appear at trial. The jury, however, found only against defendant.

its customers, Natsnax set up a system of distributorships which were divided by geographical area and sold to independent drivers. In May 1985, plaintiff purchased a franchise from Natsnax which allowed him to deliver products to approximately 200 stores, including two of defendant's Shop Rite stores.

In December 1985, one of defendant's employees became suspicious that plaintiff was effectively stealing from defendant by removing damaged and stale snacks from the store without issuing credit to defendant for them. After closely observing plaintiff's activities, defendant's employees eventually confronted him after he left the store with damaged snacks and brought him to the store security room. Plaintiff was also accused by these employees of improperly failing to detail price discounts offered by Natsnax on defendant's invoices, thereby increasing the amount of his commissions on total sales. According to defendant, plaintiff did not deny these charges. Plaintiff stated, however, that he denied stealing and he told defendant's employees that there must be some misunderstanding about the price discounts. Nevertheless, defendant's employees then demanded that plaintiff pay $7,000 to defendant for its losses or else defendant's employees would prosecute plaintiff for theft and call his other customers and tell them that plaintiff was a thief. Plaintiff was also told that he could no longer make deliveries to defendant's stores. The next day, plaintiff went back to the store with his attorney and paid the $7,000.

Thereafter, plaintiff commenced this action alleging four causes of action for conspiracy, unlawful imprisonment, intentional interference with plaintiff's right to contract and an unspecified tort involving extortion and duress. Following joinder of issue, a jury trial was held. Supreme Court dismissed the conspiracy cause of action at the close of plaintiff's case. The jury eventually found in favor of plaintiff on the remaining three causes of action against defendant alone. This appeal by defendant ensued.

We affirm. Contrary to defendant's arguments on appeal (as limited by its brief), we find that the jury verdict with respect to defendant's tortious interference with a contract claim was supported by sufficient evidence. Notably, the elements of a cause of action for tortious interference with contract are "the existence of a valid contract and damages caused by the wrongdoer's knowledge of and intentional interference with that contract without reasonable justification" (*Matter of Schulz v Washington County*, 157 AD2d 948, 951). We have

stated that the defendant's conduct in such an action must be shown to be "solely malicious" (*Leibowitz v Szoverffy,* 80 AD2d 692, 693, *lv denied* 53 NY2d 608).

Here, it is apparent that the proof at trial was adequate to establish a prima facie case for this claim. There was proof of the existence of the contract between plaintiff and Natsnax. One of defendant's management employees gave testimony indicating that the contractual relationship in question was known by defendant. The testimony also established that plaintiff was excluded from defendant's stores and, therefore, since defendant continued to request and receive service from Natsnax after plaintiff was excluded, plaintiff was unable to perform the requirement in his contract with Natsnax to maintain service to all outlets in his sales area that requested service. In addition, the requirement of malice was satisfied by the submission of evidence tending to prove that the $7,000 demanded by defendant from plaintiff was far in excess of what plaintiff really owed defendant. Accordingly, a prima facie case was established.

As for defendant's contention that the jury's verdict with respect to this claim was against the weight of the evidence, we are similarly unpersuaded. It is well settled that " '[a] verdict may be successfully challenged as against the weight of the evidence only when the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence' " (*Fieldy v Weimer,* 169 AD2d 961, 962, quoting *Frasier v McIlduff,* 161 AD2d 856, 858). Although, if the jury credited defendant's proof, it could be persuasively argued that defendant had a strong argument for claiming it was justified in excluding plaintiff from its stores based on security concerns, the plausibility of this contention does not end our inquiry. It should be noted that plaintiff testified that he had meant to give defendant credit for the damaged snacks but was not given a chance to do so. He also claimed that his failure to give defendant promotional discounts was due to his good-faith belief that Natsnax was to give these credits, not he. The jury was free to credit this testimony and other evidence provided by plaintiff. Accordingly, a fair interpretation of the evidence is that the exclusion of plaintiff was solely malicious based on the proof of duress and extortion in extracting the $7,000 from plaintiff. Given these facts, there is no basis for disturbing the verdict on the grounds advanced by defendant.

The remaining contentions raised by defendant have been examined and have been found to be unavailing.

Mikoll, Yesawich Jr. and Mahoney, JJ., concur.

Crew III, J. (dissenting). I respectfully dissent. I agree with the majority that the jury was justified in finding malice from the fact that defendant Inserra Supermarkets, Inc. (hereinafter defendant) demanded payment of a sum of money which far exceeded that which plaintiff owed and that defendant threatened to call other customers and tell them that plaintiff was a thief. As the majority points out, however, tortious interference with a contract requires that the conduct be motivated solely by malice. Both plaintiff's and defendant's proof demonstrates that plaintiff was excluded from defendant's stores because of defendant's belief that plaintiff was stealing from defendant and was failing to afford defendant appropriate discounts offered by defendant Natsnax, Inc. in order to increase the amount of his commissions. Indeed, plaintiff acknowledged that he failed to give defendant credit for damaged goods but claimed that he meant to do so, a claim defendant obviously disbelieved. The evidence that defendant excluded plaintiff from its stores due to plaintiff's perceived wrongdoing preponderates so greatly in defendant's favor as to preclude a finding that defendant's conduct was motivated solely by malice (*see, Leibowitz v Szoverffy,* 80 AD2d 692, 693, *lv denied* 53 NY2d 608). Accordingly, I would reverse and dismiss plaintiff's cause of action for tortious interference with contract. Ordered that the resettled judgment is affirmed, with costs.