■ EUGENE KOBYLARZ, as Temporary Administrator of the Estate of VICTOR KOBYLARZ, Deceased, et al., Respondents, v EDWIN NETT et al., as Coexecutors of EDWINA KOBYLARZ, Deceased, Appellants. [596 NYS2d 905] —Crew III, J. Appeals (1) from a judgment of the Supreme Court (Rose, J.), entered November 6, 1991 in Tioga County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered February 4, 1992 in Tioga County, which denied defendants' motion to set aside the verdict.

Frank Kobylarz and Aniela Kobylarz were the owners of a 307-acre dairy farm located in the Town of Newark Valley, Tioga County. On or about January 15, 1953, the Kobylarzes agreed to convey the property, together with all stock and equipment, to two of their sons, Simon Kobylarz and Leo Kobylarz. In exchange for this conveyance, Simon and Leo agreed to allow their parents and their sister, Bernice Kobylarz, to reside on the farm and to provide for, *inter alia,* their food, clothing and medical expenses during the life of each, for which Simon and Leo received a monthly credit against the purchase price.

Shortly thereafter, Simon and Leo entered into a partnership agreement "to conduct a general farming and dairy business and operate a sawmill". The agreement provided, *inter alia,* that Simon and Leo were "equally obligated to provide for the support and maintenance of their father and mother and sister, Bernice Kobylarz, during the life of each of them and each agree[d] to contribute to their care and support in equal shares". The agreement further provided that Simon and Leo were to share all profits and losses equally and that if it became necessary to bring new funds into the partnership, each would contribute an equal amount.

Thereafter, on or about November 30, 1962, Simon and Leo entered into another partnership agreement which provided, *inter alia,* that if either Simon or Leo retired, withdrew from active participation in the partnership or died while their mother and sister were still living, their brothers, Victor Kobylarz, George Kobylarz and Eugene Kobylarz, as trustees, would manage that partner's interests until the death of both their mother and sister.[1] The agreement further specified that

1. Frank Kobylarz died prior to the execution of the 1962 partnership agreement.

upon Simon's death, 50% of his share of the partnership profits were to be distributed to his spouse, Edwina Kobylarz, with the remaining 50% to be distributed to the trustees for the care of Bernice. Simon died on April 9, 1986 and Edwina was appointed administratrix of his estate.

On or about May 27, 1988, plaintiffs commenced this action on behalf of Leo and the partnership against Edwina, individually and in her capacity as Simon's administratrix, alleging that Simon had breached the 1953 and 1962 partnership agreements by failing to, *inter alia,* contribute to Bernice's care and account to Leo with regard to the partnership business.[2] Edwina answered and counterclaimed for a full accounting by the trustees of the partnership assets.[3] At a trial held in October 1990, a jury determined that Leo and Bernice had advanced $49,887.85 and $5,512.94 in personal funds, respectively, to pay for partnership obligations and awarded plaintiffs $27,700.40, representing Simon's share of the partnership obligations, plus interest. A judgment was entered December 7, 1990.

Thereafter, in June 1991, plaintiffs moved to (1) appoint Eugene as temporary administrator of Victor's estate, (2) substitute Eugene in that representative capacity for Victor, and (3) substitute Edwin Nett and Nellie Osovski, Edwina's siblings and coexecutors of her estate (hereinafter defendants), for Edwina. Defendants cross-moved seeking dismissal and vacatur. Supreme Court, *inter alia,* ordered that defendants be substituted for Edwina effective January 10, 1990, and a new judgment was entered on November 6, 1991 reflecting the change in parties. Supreme Court's order further provided that defendants would have 15 days following service of the order to make any posttrial motions.

Defendants subsequently moved pursuant to CPLR 4404 for judgment notwithstanding the verdict or, in the alternative, a new trial, contending that the verdict was against the weight of the evidence and that various procedural and substantive irregularities had tainted the trial. Supreme Court denied the motion, finding that the motion was not timely served and, in any event, that defendants failed to establish that the verdict was against the weight of the evidence. These appeals by defendants followed.

---

2. This action was originally commenced by Victor, George and Eugene in their capacity as trustees, but the title was changed following Victor's death *(see, infra).*

3. Edwina subsequently died on or about January 7, 1990.

Initially, we reject defendants' assertion that Supreme Court abused its discretion in denying their motion to set aside the verdict as untimely. The parties agree that defendants had until November 29, 1991 to serve their posttrial motion. The record indicates that counsel served a supporting affidavit and the accompanying exhibits on November 29, 1991, but that the notice of motion was not served until December 2, 1991 and the trial transcript, which was referenced in the motion papers, was not provided until December 19, 1991. Based upon our review of the record, we can discern no persuasive reason for defendants' failure to comply with the deadline imposed *(see generally,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4405.05) and, therefore, Supreme Court properly denied the motion as untimely.

Moreover, even if we were to find that defendants' motion was timely, we would nevertheless conclude that Supreme Court did not err in denying the motion on the merits. It is well settled that a jury verdict " 'may be successfully challenged as against the weight of the evidence only when the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence' " *(Fieldy v Weimer,* 169 AD2d 961, 962, quoting *Frasier v McIlduff,* 161 AD2d 856, 858; *see, Durkin v Peluso,* 184 AD2d 940, 940-941; *Stiso v Inserra Supermarkets,* 179 AD2d 878, 880, *lv denied* 80 NY2d 757). Such is not the case here.

Although defendants contend that Supreme Court erred in instructing the jury that it could consider the terms of both the 1953 and 1962 partnership agreements in determining the scope of Simon's obligations, the record indicates that not only did defendants fail to object to this portion of the charge but that defense counsel specifically requested that the jury be instructed along these lines. Construing the two agreements in harmony with each other *(see generally,* 22 NY Jur 2d, Contracts, § 412, at 329-330) and considering the testimony and documentary evidence offered as to the funds expended by Leo and Bernice, we are of the view that the jury could have reasonably concluded that Simon was required to reimburse Leo's estate in the amount of $27,700.40 for the personal funds expended by Leo and Bernice for partnership obligations.

We are similarly unpersuaded that the verdict should be set aside in the interest of justice. The record further reveals that defendants were involved with all aspects of the trial and, therefore, were not prejudiced by Supreme Court's failure to

formally substitute them for Edwina prior to the commencement of the trial. Defendants' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment and order are affirmed, with costs.