■ MAXAN CURTAIN MFG. CORP., Appellant, v CHEMICAL BANK, Respondent. [646 NYS2d 701] —In an action to recover damages, *inter alia,* for tortious interference with contractual relations, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Posner, J.), dated May 12, 1995, as granted those branches of the defendant's motion which were to dismiss its demands for punitive damages with respect to the fourth, fifth, sixth, and eighth causes of action.

Ordered that the order is modified by deleting the provision thereof which granted those branches of the defendant's motion which were to dismiss the plaintiff's demands for punitive damages with respect to the fourth, fifth, and sixth causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff has alleged, *inter alia,* that a vice-president of the defendant bank intentionally and maliciously interfered with the plaintiff's contractual relationship with a third party. Furthermore, the plaintiff has alleged that the same bank officer maliciously ordered a bank employee to dishonor the plaintiff's checks despite the fact that the plaintiff had sufficient funds in its checking account. Assuming the plaintiff's allegations are true, the actions of the defendant's vice-president evince a degree of moral culpability for which a factfinder may consider the assessment of punitive damages (*see generally, Nardelli v Stamberg,* 44 NY2d 500; *Walker v Sheldon,* 10 NY2d 401, 404; *Searle & Co. v Medicore Communications,* 843 F Supp 895, 913; *Italian & French Wine Co. v Negociants U.S.A.,* 842 F Supp 693, 702-703; *Kelly v L.L. Cool J.,* 145 FRD 32, 38, *affd* 23 F3d 398, *cert denied* 513 US 950).

We find no merit to the plaintiff's remaining contention. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.