■ ANDREW GREENBERG, INC., Plaintiff, v SIR-TECH SOFTWARE, INC., et al., Defendants. (Action No. 1.) SIR-TECH SOFTWARE, INC., Appellant, v ANDREW GREENBERG et al., Respondents. (Action No. 2.) [667 NYS2d 83] —Mercure, J. Appeal from an order of the Supreme Court (Bradley, J.), entered May 1, 1997 in Sullivan County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint in action No. 2.

Andrew Greenberg, Inc. (hereinafter AGI) is the creator of the computer game "Wizardry". In 1981, AGI granted Sir-Tech Software, Inc. an exclusive license to manufacture and market Wizardry, related products and any subsequent Wizardry games and related products. As here relevant, the contract between AGI and Sir-Tech provided for graduated royalty payments to AGI and also that all Wizardry games and Wizardry-related products be copyrighted, with copyrighting notices recognizing AGI as a co-owner. Sir-Tech thereafter proceeded to market Wizardry, Wizardry-related products and, under the authorship of game designer David W. Bradley, subsequent Wizardry games.

In June 1991, at a time when Bradley was involved in developing the Wizardry game "Crusaders of the Dark Savant" (hereinafter Crusaders), AGI commenced an action against Sir-Tech and Bradley in US District Court for the Northern District of New York, alleging causes of action for trademark

and copyright infringement and seeking an accounting and for fraud. District Court dismissed AGI's second cause of action (trademark infringement and fraudulent trademark registration) with prejudice, dismissed AGI's third and fourth causes of action (accounting and fraud) without prejudice pursuant to 28 USC § 1367 (c) (3) (declination of supplemental jurisdiction over State claims), and also denied Sir-Tech's motion for sanctions. In February 1992, the Federal action was dismissed against Bradley with prejudice by stipulation of the parties.

In April 1992, AGI pursued its claim for an accounting against Sir-Tech and a related entity in action No. 1. In August 1992, Sir-Tech responded with action No. 2, alleging that AGI, its principal, Andrew Greenberg, and their attorneys, the law firm of Orseck, Orseck, Greenberg & Gaiman (hereinafter collectively referred to as defendants), tortiously interfered with Sir-Tech's contract with Bradley for development of Crusaders. Specifically, the complaint in action No. 2 alleges that Bradley's contract with Sir-Tech required him to deliver the completed Crusaders game on or before September 1, 1991, that although Bradley was on schedule with his work at the time the Federal court action was commenced defendants' assertion of claims against Bradley caused him to stop working on Crusaders, and that as a result Sir-Tech missed the 1991 Christmas selling season, causing it to lose an investment in promotional materials and sales totaling $950,000. After considerable discovery and motion practice that need not be detailed here, Supreme Court granted defendants' motions for summary judgment and dismissed the complaint in action No. 2. Sir-Tech appeals.

We affirm. In order to defeat defendants' prima facie showing on the summary judgment motion, Sir-Tech was obligated to support its tortious interference cause of action with competent evidence tending to establish (1) its contract with Bradley, (2) defendants' knowledge of the existence of the contract, (3) that the contract was not carried out, (4) that defendants initiated the Federal court action with intent to induce Bradley's breach of the contract, (5) that the initiation of the Federal court action was a substantial factor in preventing Bradley from carrying out the contract, and (6) that Sir-Tech suffered damage as a result (see, 2 NY PJI 3:56, at 234-235 [2d ed] [1996 Supp]; see also, NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614; Israel v Wood Dolson Co., 1 NY2d 116, 120). We agree with Supreme Court's conclusion that Sir-Tech failed to competently establish a number of the critical elements, including defendants' knowledge of the existence of the contract and their solely malicious intent in commencing

the Federal court action (*see, Stiso v Inserra Supermarkets*, 179 AD2d 878, 879-880, *lv denied* 80 NY2d 757). Sir-Tech argues, however, that it was prevented from completely establishing these elements because of defendants' refusal to respond to relevant deposition questions and interrogatories and that, in fact, a motion to compel those responses was pending before Supreme Court at the time of its ruling on the summary judgment motion.

Although there appears to be little merit to Sir-Tech's claims concerning the need for further discovery with regard to defendants' knowledge and motive, we need not address that issue because Sir-Tech's evidentiary showing was deficient concerning yet another element, causation. As correctly contended by defendants, Sir-Tech failed to come forth with any evidence in admissible form tending to establish that the commencement of the Federal court action actually interfered with Bradley's performance under his contract to produce Crusaders. Notably, Sir-Tech produced no affidavit, deposition testimony or any other form of first-hand evidence from Bradley indicating that his progress on Crusaders was actually impeded by the Federal court action. An August 20, 1992 letter from Sir-Tech's counsel to Bradley's counsel stating that "Sir-tech incurred substantial expense in paying [Bradley's] costs and fees in connection with the [Federal] litigation" is surely not probative on the issue. Also lacking in probative value is Bradley's conclusory averment, made in connection with the Federal court action, as to his belief that AGI named him as a party in that litigation "solely to harass [him] and to interfere with [his] creative work and relationship with Sir-tech". Perhaps most telling is an extensive series of communications between Sir-Tech and Bradley spanning the period from August 1991 through the end of August 1992 and detailing Bradley's progress (or, more appropriately, lack of progress) on the Crusaders project. These contemporaneous memoranda do not indicate that Bradley was ever unable to work and, in fact, make absolutely no reference to the Federal court action. In sharp contrast to the position taken in Sir-Tech's complaint, these writings provide persuasive evidence that the sheer magnitude of the Crusaders project, programming and operating system problems and, quite possibly, Sir-Tech's own impatience and interference were the major causes for the delay, which extended for a full year beyond the September 1, 1991 deadline and, in fact, approximately six months beyond the dismissal of the Federal court action. Under the circumstances, we are permitted to find as a matter of law that defendants' institution of the Federal court action did not

impede Bradley's performance under his contract with Sir-Tech.

The parties' remaining contentions have either been rendered academic or have been considered and found to lack merit.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.