■ THOMAS P. CATINELLA, Appellant-Respondent, v MEL WEITZ SUPERMARKETS, INC., et al., Respondents-Appellants, and LONG ISLAND SNACKS, INC., et al., Respondents. (And a Third-Party Action.) [728 NYS2d 721] —In an action, *inter alia,* to recover damages for tortious interference with contract and defamation, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Ort, J.), dated March 29, 2000, as granted those branches of the motion of the defendants Mel Weitz Supermarkets, Inc., and Andy Artemchuck which were for summary judgment dismissing the cause of action to recover damages for defamation and the claim for punitive damages insofar as asserted against them, and the defendants Mel Weitz Supermarkets, Inc., and Andy Artemchuck, and the defendant Eagle Snacks, Inc., separately cross-appeal from so much of the same order as denied those branches of their motions which were for summary judgment dismissing the cause of action to recover damages for tortious interference insofar as asserted against them.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion of Eagle Snack, Inc., which was for summary judgment dismissing the tortious interference claim insofar as asserted against it, and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof granting that branch of the motion of Mel Weitz Supermarkets, Inc., and Andy Artemchuck which was to dismiss the claim for punitive damages, and substituting therefor a provision denying that branch of the motion, and (3) deleting the provision thereof granting that branch of the motion of Mel Weitz Supermarkets, Inc., and Andy Artemchuck which was to dismiss the claim sounding in defamation insofar as asserted against them and substituting a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant Eagle Snacks, Inc. (hereinafter Eagle), contracted with Long Island Snacks, Inc. (hereinafter LIS), to be the sole distributor of Eagle products within a specific geographical area. LIS in turn contracted with independent drivers to deliver the Eagle products to stores within that area. The plaintiff was one of those independent drivers, and the

major portion of his route consisted of deliveries to Mel Weitz Supermarkets, Inc. (hereinafter Foodtown). On December 30, 1994, the plaintiff delivered potato chips to a Foodtown grocery store managed by the defendant Andy Artemchuck. During the course of the delivery, Artemchuck began to count the number of bags of chips in each case, and after counting the contents of two cases, accused the plaintiff of shorting him by two bags of chips. Artemchuck allegedly called the plaintiff a thief and a "crook" and ordered him out of the store. The corporate officers of Foodtown subsequently suspended all sales of Eagle products, contending that they were being cheated. Foodtown only began to restock Eagle products after the plaintiff was removed from the route and LIS paid a $50,000 fine. As the result of not being allowed to deliver to Foodtown, the plaintiff sold his route at a loss.

Thereafter, the plaintiff commenced this action alleging, *inter alia*, that the defendants Foodtown, Artemchuck, and Eagle tortiously interfered with his contract with LIS, and that Foodtown and Artemchuck defamed him. With regard to the cause of action to recover damages for tortious interference with contract, the plaintiff made a claim for punitive damages. The Supreme Court dismissed the plaintiff's defamation claim and his claim for punitive damages, but held that an issue of fact existed with regard to whether Foodtown, Artemchuck, and Eagle tortiously interfered with the plaintiff's contract with LIS.

The Supreme Court properly found that the plaintiff presented sufficient evidence to establish a prima facie claim of tortious interference as asserted against Artemchuck and Foodtown (*see, Lama Holding Co. v Smith Barney,* 88 NY2d 413; *Stiso v Inserra Supermarkets,* 179 AD2d 878). Further, the plaintiff's request for punitive damages cannot be precluded as a matter of law, because the alleged improper malicious motive of Artemchuck and Foodtown is both a necessary element in the cause of action to recover damages for tortious interference, and a reason for awarding punitive damages (*see, Nardelli v Stamberg,* 44 NY2d 500; *Maxan Curtain Mfg. Corp. v Chemical Bank,* 230 AD2d 832).

The Supreme Court improperly dismissed the plaintiff's cause of action sounding in defamation insofar as asserted against Artemchuck and Foodtown. Artemchuck and Foodtown made out a prima facie showing of entitlement to judgment on this cause of action by demonstrating, *inter alia*, that the alleged statements were protected by a qualified privilege (*see, Toker v Pollak,* 44 NY2d 211; *Santavicca v City of Yonkers,* 132

AD2d 656). In response, the plaintiff demonstrated by admissible evidence the existence of a triable issue of fact as to whether the statements uttered by Artemchuck were actionable or slanderous (*see, Foster v Churchill,* 87 NY2d 744; *Liberman v Gelstein,* 80 NY2d 429).

The Supreme Court erred in denying Eagle summary judgment with regard to the plaintiff's cause of action sounding in tortious interference with a contract. Eagle demonstrated its prima facie entitlement to judgment as a matter of law (*see,* CPLR 3212 [b]). In response, the plaintiff failed to raise a triable issue of fact as to whether Eagle maliciously interfered with the plaintiff's contract with LIS (*see, Waste Servs. v Jamaica Ash & Rubbish Removal Co.,* 262 AD2d 401). Accordingly, those branches of Eagle's motion which were for summary judgment pertaining to the cause of action sounding in tortious interference with a contract and the claim for punitive damages insofar as asserted against it should have been granted. Goldstein, J. P., McGinity, Schmidt and Smith, JJ., concur.