■ WILLIAMS OIL COMPANY, INC., Respondent, v RANDY LUCE E-Z MART ONE, LLC, et al., Appellants, et al., Defendant. [757 NYS2d 341] —Peters, J. Appeal from an order of the Supreme

Court (Monserrate, J.), entered January 18, 2002 in Broome County, which, inter alia, granted plaintiff's motion for partial summary judgment.

In January 1996, plaintiff and defendant Randy Luce E-Z Mart One, LLC (hereinafter Luce LLC) entered into a petroleum supply agreement for a five-year period whereby Luce LLC would purchase certain products from plaintiff. Executed on the same date in connection therewith was an agreement which gave plaintiff the right of first refusal to purchase Luce LLC, or the real property upon which it is located, if the purchase would affect the volume of petroleum sales at the location. This right would be triggered for 30 days if Luce LLC accepted a bona fide offer from a third party.

In September 1997, Luce LLC, defendant Randy Luce (hereinafter Luce), general manager of Luce LLC, Maryalice Luce and defendant I.D.B.A., Inc. entered into an asset purchase agreement whereby I.D.B.A. sought to purchase Luce LLC's assets, including its real property. This agreement was contingent upon, inter alia, the termination of the January 1996 agreement between Luce and plaintiff and the nonexercise of plaintiff's right of first refusal. Dwight Ball of the law firm of Ball, McDonough & Artz, represented both Luce LLC and I.D.B.A. for this transaction. Ball also represented defendant Manley's Mighty-Mart, LLC (hereinafter Manley), which had organized I.D.B.A. for the purpose of purchasing properties under a different name.

Ball drafted the proposed waiver of the right of first refusal for execution by plaintiff and directed Luce LLC to deliver a copy thereof, along with the asset purchase agreement, to plaintiff. Luce advised Ball that he had previously discussed the sale of the business and its property with representatives of plaintiff and had been advised that they were not interested in this location. For these reasons, Luce LLC, Luce, I.D.B.A. and Manley (hereinafter collectively referred to as defendants) did not anticipate a problem in obtaining the waiver and proceeding with the transaction.

On October 29, 1997, plaintiff delivered to Ball's office not the waiver of the right of first refusal as expected, but a notice of its intent to exercise it. Therein, the closing was set for a date on or about December 1, 1997. According to Ball, both Luce and Manley expressed a desire to proceed with the original sale if legally possible. Ball advised them that the right of first refusal could be found to apply only if the asset purchase agreement affected the supply agreement that Luce LLC had with plaintiff and that if they drafted a new agreement which

would continue to honor plaintiff's supply agreement, plaintiff's right of first refusal would not be triggered.*

Following counsel's advice, I.D.B.A. assigned its interest in the asset purchase agreement to Manley and it was terminated. Luce LLC and Manley then entered into a new asset purchase agreement which was drafted by Ball. Believing that plaintiff's right of first refusal was not triggered by this new agreement, defendants did not notify plaintiff and held a closing on October 31, 1997, a month before plaintiff's scheduled closing.

Plaintiff commenced this action in January 1998 seeking, inter alia, specific performance. In August 2000, plaintiff served an amended complaint which deleted the cause of action seeking specific performance and instead substituted a claim for money damages predicated upon, inter alia, a breach of contract against Luce LLC, tortious interference with contract and fraud against all defendants and an individual claim against Luce. After issue was joined, plaintiff moved for summary judgment on the issue of liability for the single cause of action alleging a breach of contract against Luce LLC and tortious interference with contract by the other defendants. Defendants cross-moved for summary judgment seeking a dismissal of the complaint or, alternatively, all claims sounding in fraud or tortious interference with contract, as well as those sounding in breach of contract against all defendants except Luce LLC, and all claims against Luce individually by contending that he was acting in his capacity as general manager.

Supreme Court granted plaintiff's motion for partial summary judgment on the breach of contract claim against Luce LLC and the tortious interference of contract claim against the other three defendants. Supreme Court partially granted defendants' motion by dismissing the claims based on fraud against Luce LLC. Defendants appeal from so much of the order as partially granted plaintiff's motion and partially denied its cross motion.

A claim for tortious interference with contract requires a valid contract between the plaintiff and a third party, defendants' knowledge of the contract, and an intentional procurement of the third party's breach of the contract without justification, actual breach and resultant damages (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424; *Greenberg, Inc. v Sir-Tech Software*, 245 AD2d 1004, 1005). While it is now undisputed that plaintiff's exercise of its right of first

---

* Thereafter, in opposition to plaintiff's summary judgment motion, Ball admitted that his advice was erroneous.

refusal converted the offer of purchase into a binding contract (*see Matter of LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 60), there is extensive evidence in this record demonstrating that defendants, including their attorney, were unaware that such exercise of the right resulted in a binding contract. Accordingly, a question of fact exists as to whether defendants' attempt to circumvent plaintiff's right of first refusal can be determined, as a matter of law, to be an intentional procurement of the third party's breach of the contract, without justification.

We recognize that our focus should be on "the nature of the relationship that suffered the interference, with greater protection accorded enforceable contract rights and greater deference accorded free competition where the contract rights are only prospective" (*NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 622) in promotion of " 'society's interest in respect for the integrity of contractual relationships, on the one hand, and, on the other, * * * society's concern that competition not be unduly hampered' " (*id.* at 621-622, quoting *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 190). In the absence of a showing that defendants' intent was " 'solely malicious' " (*Stiso v Inserra Supermarkets*, 179 AD2d 878, 880, *lv denied* 80 NY2d 757, quoting *Leibowitz v Szoverffy*, 80 AD2d 692, 693, *lv denied* 53 NY2d 608; *see Greenberg, Inc. v Sir-Tech Software, supra* at 1005), we must reverse on this issue.

We do, however, agree that Supreme Court properly dismissed the fraud claim against Luce LLC since the fraud solely related to the breach of contract (*see Egan v New York Care Plus Ins. Co.*, 277 AD2d 652, 653; *Fort Ann Cent. School Dist. v Hogan*, 206 AD2d 723, 724). Hence, as here, in the absence of a legal duty arising from circumstances outside of the contract (*see Egan v New York Care Plus Ins., supra* at 653), the dismissal of the fraud claim was proper. Moreover, for the reasons previously discussed regarding our finding of a triable issue concerning defendants' intent in connection with the claimed tortious interference with contract, the court properly refused to dismiss the fraud claims against the other defendants.

Supreme Court's denial of defendants' motion seeking dismissal of the individual claims against Luce, despite the claim that he was acting at all times as the general manager of Luce LLC, was also proper. While we acknowledge that upon a finding to pierce the corporate veil, personal liability may be imposed if plaintiff can show that "(1) [Luce] exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a

fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141), as a factual question, the result must await a trial.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff summary judgment on the tortious interference of contract claim; motion denied to that extent; and, as so modified, affirmed.