## Gordon v ROL Realty Co.

2025 NY Slip Op 32268(U)

June 26, 2025

Supreme Court, New York County

Docket Number: Index No. 157456/13

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON.LYNN R. KOTLER, J.S.C.</u>                    PART <u>8</u>

MARK R. GORDON                                                INDEX NO.  157456/13

                                                             MOT. DATE

- v -                                                        MOT. SEQ. NO. 006, 007

ROL REALTY CO. et al.

---

The following papers were read on this motion to/for <u>reargue and/or renew</u>_____

| | |
|---|---|
| Notice of Motion/Petition/O.S.C. — Affidavits — Exhibits | NYSCEF DOC No(s)._____ |
| Notice of Cross-Motion/Answering Affidavits — Exhibits | NYSCEF DOC No(s).___ |
| Replying Affidavits | NYSCEF DOC No(s)._____ |

Previously, in motion sequence number 005, plaintiff Mark R. Gordon ("Gordon") moved to strike defendant's answer, to preclude defendant from offering evidence or testimony at trial, request that this court "so order" non-party subpoenas", for costs, attorneys fees and monetary sanctions/costs, to vacate the December 26, 2014 judgment and to seal records contained in the courts file. Defendants opposed the motion.  In a decision dated December 20, 2023, the court denied plaintiff's motion in its entirety.

In motion sequence 6, plaintiff now moves to renew and reargue the court's decision dated December 20, 2023.   Defendants oppose the motion.

In motion sequence number 007, plaintiff Gordon moves for an order: "1) "CPLR §§ 1001 and 1002 for joinder of parties and supplemental or amended summons as against Shmuel Bergstein, Ronit Bergstein, and Eyal Zivyon in their individual capacities: (a) for wrongful dissolution of Defendant ROL Realty Company during litigation without notice as managing members; and, (b) for wrongful acts or omissions admittedly taken independently of ROL Realty Company; 2) CPLR § 5015(a) for relief from the Order dated July 28, 2014 dismissing certain bodily injury (Third Cause of Action) and property damage claims (Second Cause of Action-Complaint ¶81) based on newly discovered evidence and law; 3) CPLR § 3025(b) for leave to amend the complaint and caption to assert the aforementioned claims against the proposed individual defendants; 4) CPLR § 2004 to extend time to complete limited discovery of the individual defendants; and 5) granting the above together with costs on this Motion and such other and further relief as this Court may deem just, proper, and equitable".  Defendants oppose the motion.

Dated: ___6/26/25___                                        _____
                                                            HON. LYNN R. KOTLER, J.S.C.

**1. Check one:**  ☐ CASE DISPOSED   ☒ NON-FINAL DISPOSITION
                                       mot 6 and mot 7
**2. Check as appropriate: Motion is**  ☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

**3. Check if appropriate:**  ☐ SETTLE ORDER ☐ SUBMIT ORDER ☐ DO NOT POST

☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

Page 1 of 4

[* 1]

Previously this court calendared oral argument for September 17, 2024. Due to the court's calendar, the oral argument date was adjourned *sua sponte* to December 17, 2024 via Microsoft Teams. Both sides were given ample opportunity to present their positions. Subsequently, in March 2025, plaintiff filed a request to file a sur-reply. Defendant has not filed a response. In the court discretion, plaintiffs request to file a sur-reply is denied. The court is in possession of plaintiff's motions, memos in support, NYSCEF exhibits 306-378 (on motion sequence 6) and NYSCEF exhibits 387-409 (on motion sequence 7), defendant's opposition, a copy of the oral argument transcript dated December 17, 2024 and has sufficient information to issue its decision on both motions.

At the December 17, 2024 oral argument, the court directed the parties to split the cost of the transcript and provide a copy to the court. Plaintiff submitted his half of the transcript cost. It has been over 6 months and defendant has failed to comply with the court's directive. As such, the court is directing defendant to make its share of the transcript payment of $125.55 to the court reporter forthwith.

The court consolidates the motions 6 and 7 for its consideration and decides them as follows.

A motion to reargue is addressed to the court's discretion, and permission to reargue will only be granted if the court believes some error has been made (see CPLR § 2221[d][2]). In order to succeed motion for reargument, the movant must demonstrate that the Court overlooked or misapprehended the law or facts when it decided the original motion (*Foley v. Roche*, 68 AD2d 558 [1st Dept 1979]). A motion to reargue is not designed to provide an unsuccessful party with another opportunity to re-litigate the same issues previously decided against him or her (*Pro Brokerage, Inc. v. Home Ins. Co.*, 99 AD2d 971 [1st Dept 1984]). Nor does a motion to reargue permit a litigant to present new arguments not previously advanced on the prior motion (*Amato v. Lord & Taylor, Inc.*, 10 AD3d 374 [2d Dept 2004]; see also *DeSoignies v. Cornasesk House Tenants' Corp.*, 21 A.D.3d 715 [1st Dept 2005]).

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3] ). The proponent of a motion to renew must offer a reasonable excuse for the failure to present the "new" facts on the prior motion (*In re Defendini*, 142 AD3d 500 [2d Dept 2016]).

The court will first consider plaintiff's motion 6. The facts set forth in the court's prior decision are herein incorporated by reference.

Plaintiff contends that the court erred by refusing to "so order judicial subpoenas" for records and other information and blocking plaintiff from looking for information that defendant admits exists but is not producing.

Defendant opposes the motion and argues that the subpoenas are not new facts that form the basis of a renewal motion and that plaintiff fails to cite to any law that would change the prior determination.

At the outset, plaintiff has wholly failed to demonstrate that there are new facts which would warrant renewal. Plaintiff's disagreement with this Court's declining to sign judicial subpoenas is not a new fact that is proper for a motion to renew. Plaintiff's failure to obtain the court's permission to hold non-party discovery does not alter the court's determination in the December 20, 2023 decision. Therefore, the motion is only considered as one to reargue.

To the extent that plaintiff seeks to reargue the prior motion, that relief is denied because the arguments advanced by plaintiff in motion sequence 5 are a rehash of his previously unsuccessful arguments, which were rejected by the court in the prior decision. This litigation was commenced in 2013 and has an extremely tortured history. Indeed, plaintiff continues to advance the same or similar arguments that he needs additional discovery and that the information and/or records are in the possession

of former defense counsel are conclusory. Based on the foregoing, the motion to reargue is denied in its entirety.

Turning to motion sequence 7, plaintiff moves to amend the summons to add several individuals in their individual capacity of defendant ROL, relief from a July 2014 order that dismissed the second and third causes of action, amending the complaint, for wrongful dissolution of ROL Realty Company and to extend time to complete discovery. Defendant opposes the motion.

A member of a limited liability company "cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof"(*Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209, 797 NYS2d 1 [2005]; *see also Limited Liability Company* Law §§ 609, 610). Plaintiffs seek to hold individual defendants liable despite this statutory proscription. In order to pierce the "corporate veil," a doctrine applicable to limited liability companies *(see Retropolis* at 210., citing *Williams Oil Co. v Randy Luce E-Z Mart One*, 302 AD2d 736, 757 NYS2d 341 [2003]), plaintiffs bear " 'a heavy burden of showing that the [company] was dominated [by the owners] as to the transaction attacked and that such domination . . .resulted in wrongful . . . consequences' " (*id.*, quoting *TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 680 NYS2d 891 [1998]; *see also Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135.

Plaintiff argues that ROL was dissolved during the pendency of this litigation and therefore the individual defendants should be joined in this litigation is rejected. Plaintiff fails to meet his heavy burden to pierce the corporate veil to sue these individuals in their individual capacity. Moreover, in its July 28, 2017 decision, the Appellate Court found that Mr. Shmuel Bergstein cannot be sued in an individual capacity and cites to Limited Liability Company Law Section 609(a). The same conclusion applies to the other two individuals, Ronit Bergstein and Zivyon.

Next, plaintiff argues that new evidence demonstrates that managing agent ERR, his burn injury claim and property damage claims as referenced in plaintiff's memo delineated as Set 1 and Set 2 were improperly dismissed by the lower court and affirmed by the Appellate Division.

In bringing the motion before this Court, plaintiff requests that this Court take the highly inappropriate action of reviewing and reversing an order of a superior court. The court declines to do so. Moreover, plaintiff failed to submit any evidence that the managing agent ERR took any responsibility toward plaintiff. As for the burn claim due to the exploding light bulb, the Appellate Division found that "The motion court correctly dismissed the personal injury claim for the alleged exploding light bulb." In addition, the property damage claims, as identified in plaintiff's motion as Sets #1 and 2, were barred based on statute of limitations as per the Appellate Division order.

Finally, plaintiff's law office failure argument fails. Subsequent to the court granting defendant's pre-answer motion to dismiss dated July 31, 2014, plaintiff filed a motion to reargue and renew and did not address law office failure in that motion. Therefore, this court rejects plaintiff's argument outright.

Leave to amend a pleading should be freely given in the absence of prejudice or surprise to the non-moving party (*Fahey v. Ontario County*, 44 NY2d 934 [1978]; *see also Seda v. New York City Housing Authority*, 181 AD2d 469 [1st Dept 1992]). The opponent of a motion to amend bears the burden of demonstrating prejudice (*Seda, supra* at 470). A motion to amend should be denied where it is "clear and free from doubt" that the proposed claim lacks merit (*Hawkins v. Genesee Place Corp.*, 139 AD2d 433 [1st Dept 1988]).

Contrary to plaintiff's contention, the court previously addressed adding individual defendants to this action and the personal injury (exploding light bulb) and property damage claims (as identified by plaintiff as Set 1 and 2 herein) were properly dismissed by the Appellate Division for the reasons stated above. To allow the amendments would be prejudicial and a waste of the court's resources.

Based on the foregoing, plaintiff's motion sequence 7 is denied in its entirety for the reasons set forth above.

In light of the foregoing, plaintiff's request to extend time to conduct discovery is denied. Plaintiff is directed to file his note of issue on or before July 15, 2025.

**CONCLUSION**

In accordance herewith, it is hereby

**ORDERED** that plaintiff's motion sequences 6 and 7 are denied; and it is further

**ORDERED** that plaintiff is directed to file his note of issue on or before July 15, 2025; and it is further.

**ORDERED** that defense counsel is directed to submit payment of $125.55 to the court reporter for its share of the oral argument transcript dated December 17, 2024 forthwith.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby expressly denied and this constitutes the Decision and Order of the court.

Dated: _6/26/25_
New York, New York

So Ordered: _____
Hon. Lynn R. Kotler, J.S.C.