■ COLONIE CONSTRUCTION CORPORATION et al., Respondents, v. JEAN E. DE LOLLO et al., Appellants.— REYNOLDS, J. Appeal and cross appeal from an order and judgment of the Supreme Court, Albany County in an action involving certain real property located in the Town of Colonie. In 1956 respondents Ralph and Josephine Aversa obtained a five-year option to purchase a remaining group of lots known as Elmgrove Estates, Section II in Latham, Town of Colonie at $1,135 per lot. Under this agreement the purchaser agreed to pay all taxes and assessments on the lots and the seller agreed in turn to install water and sewer lines to service the lots. This agreement was carried out without dispute until sometime in 1959 when the Town of Colonie discontinued its policy of reimbursing the owners of real estate developments for the installation of sewer and water lines. Thereafter, apparently sometime in 1960, the parties orally agreed to modify the original agreement to increase the price per lot to $1,335 or $1,370 per lot (depending on the length of water extension involved), presumably to cover the appellants' additional costs under this new town policy. As orally modified, the agreement was faithfully observed until several months before the expiration of the option when respondents requested deeds to a number of lots and were informed that no additional deeds would be forthcoming until an alleged balance due of $1,175 was paid. At this time, in accordance with past custom, respondents had already constructed a house on one of the lots requested and had, in fact, even contracted for the resale of this property. Delivery of the deed to this specific piece of property was also refused. Then in March of 1962 a written extension agreement was entered by the terms of which the original option was extended for a two-year period and the price per lot increased to $2,171. Thereafter, certain lots were transferred in particular the lot with the completed house on it, under the terms of the new extension agreement. In 1964, respondents commenced litigation, but on May

11, 1964 their action was dismissed without prejudice because of the inability of their counsel to appear for trial. On the same day appellants Ruhtz and Lester transferred the remaining 10 lots to respondent De Lollo, Ruhtz' daughter, for $500 cash and a mortgage of $37,000. The present litigation was commenced on May 27, 1964. The County Court first found that the oral modification of 1960 increasing the price per lot to reflect the town's withdrawal of payments for sewage and water installations was unenforcible as to the unexecuted portion of the option and thus that respondents were not actually in default in November, 1961 when they demanded the deeds, including the one for the property with the completed house on it. We concur in this conclusion both on the grounds that the oral agreement did not comply with the Statute of Frauds (General Obligations Law, § 5-703; e.g., *Albert Co.* v. *Newtown Creek Realty Corp.*, 211 App. Div. 4) and that it lacked consideration. Nor do we have any difficulty in upholding the court's conclusion that a " sufficient demand" was timely made for transfer of the remaining lots and that the transfer to Jean De Lollo should be set aside. However, we cannot agree with the court below that the extension agreement of March, 1962 is invalid. There is no question as to this agreement of compliance with the Statute of Frauds and even if the extension of time or relinquishment of the claim to the alleged $1,175 balance due were insufficient consideration (see 6 N. Y. Law of Contracts, § 428; Restatement, Contracts, § 76; *Zoebisch* v. *Von Minden*, 120 N. Y. 406), consideration was not here necessary (General Obligations Law, § 5-1103). Nor can we accept invalidity on the basis of economic duress. Despite whatever compulsion respondents may have felt to enter the extension agreement, the fact remains that they had available to them perfectly adequate legal remedies to solve their dilemma (*Oleet* v. *Pennsylvania Exch. Bank*, 285 App. Div. 411; see 17 N. Y. Jur., Duress and Undue Influence, § 13; 7 N. Y. Law of Contracts, § 1910). A mere breach of a contract does not constitute duress (see *Halperin* v. *Wolosoff*, 282 App. Div. 876, mot. for lv. to app. den. 306 N. Y. 983; *Clasen* v. *Doherty*, 242 App. Div. 502). Accordingly, we hold the extension agreement valid, but respondents should have an opportunity, if they so wish, to purchase the remaining lots under the terms thereof. We find no merit in the additional contentions raised by the litigants. Order and judgment modified, on the law and the facts, so as to direct that defendants convey to plaintiffs title to the remaining 10 lots upon tender of payment in accordance with the terms of the extension agreement of March 21, 1962, and to direct judgment upon the defendants' counterclaim in the sum of $8,684, with interest from March 21, 1962, and, as so modified, affirmed, without costs; and case remitted to County Court for determination of the amount of taxes and assessments due the defendants. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.