■ CRISTO BROTHERS, INC., Respondent, v TROY URBAN RENEWAL AGENCY, Defendant, and CITY OF TROY et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered November 2, 1984 in Rensselaer County, which denied a motion by defendants City of Troy, New York, and John P. Buckley for summary judgment dismissing the third cause of action of the complaint.

On October 17, 1978, plaintiff, as the lowest bidder, executed a contract with defendant Troy Urban Renewal Agency for the demolition of two buildings as part of the redevelopment of the downtown business district of defendant City of Troy. Work was to commence on the weekend of November 18-19, 1978, on which days, Fulton Street, a major artery to the business district, would be closed. Following a November 14, 1978 meeting with plaintiff's president in which disagreement about the manner of the performance of the contract arose, defendant John P. Buckley, utilizing the authority conferred upon him by Troy City Charter § 3.10, declared that a state of emergency existed and recommended that the Troy Urban Renewal Agency avert threatened harm to the city by rescinding plaintiff's contract and awarding the work to another firm. Plaintiff commenced this action seeking damages for breach of contract, defamation and tortious interference with a contract. The first and second causes of action were dismissed upon motion and judgment entered March 3, 1980. Special Term denied the motion by Buckley and the city for summary judgment dismissing the remaining cause of action. This appeal ensued.

"In 1883 the Court of Appeals considered the rule to be well settled that 'no public officer is responsible in a civil suit for a judicial determination, however erroneous or wrong it may be, or however malicious even the motive which produced it.' *(East River Gas-Light Co. v. Donnelly,* 93 N. Y. 557, 559.) The rule, as expressed, has a long and respected vintage" *(Rottkamp v Young,* 21 AD2d 373, 375, *affd* 15 NY2d 831). Thus, when official action involves the exercise of discretion, the officer is not liable for the injurious consequences of that action even if resulting from negligence or malice. Conversely, the officer will be liable if it is otherwise tortious and not

justifiable pursuant to statutory command *(Tango v Tulevech, 61 NY2d 34, 40).*

These principles in mind, we hold that Buckley's action in exercising his power to declare the existence of an emergency pursuant to Troy City Charter § 3.10 was wholly within the duties of his office and the power vested in him as the City Manager pursuant to the City Charter. While it is certainly possible for different minds to disagree as to whether an emergency in fact existed or whether the rescission of plaintiff's contract was proper or even an appropriate response to the emergency, it cannot be questioned that the action was discretionary. "[D]iscretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" *(Tango v Tulevech, supra,* p 41).

Inasmuch as Buckley was exercising his judgment under the City Charter in determining whether a "public emergency" existed and what course should be followed for the "purpose of taking all protective measures", any question of error of judgment, negligence or even "bad faith or malice becomes irrelevant under the rule stated in *Rottkamp*" *(Tango v Tulevech, supra,* p 42). Accordingly, on the record in this case, summary judgment dismissing the third cause of action of the complaint should have been granted.

Order reversed, on the law, without costs, motion granted and complaint dismissed against defendants John P. Buckley and City of Troy, New York. Casey, Weiss and Levine, JJ., concur.

Mahoney, P. J., and Kane, J., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). As noted by the majority, it is well established that, in this State, a municipal officer is not liable for the injurious consequences of official action involving the exercise of discretion. The authority for that proposition and the types of situations to which it is applicable are noted in *Tango v Tulevech* (61 NY2d 34, 40, 41). However, it is also noted that the rule requires that acts of a discretionary or quasi-judicial nature be founded upon a "reasoned judgment which could typically produce different acceptable results" *(id.,* p 41). Here, the linchpin of official action was the judgment to "declare that a public emergency existed with respect to the work to be performed under the contract".

Troy City Charter § 3.10 provides in relevant part: "In case

of any public emergency such as conflagration, riot, storm, earthquake, or other unusual peril to the lives or properties of the citizens of Troy, it shall be the duty of the city manager to declare such public emergency and to summon all the forces of the city for the purpose of taking all possible protective measures." Therefore, the record must be examined with care to seek out the basis for that "reasoned judgment" to declare an emergency with respect to the performance of the contract. The rule or definition of "emergency" applicable to a defendant in the ordinary negligence action requires that the emergency be not of his own making *(McAllister v Adam Packing Corp.,* 66 AD2d 975). We perceive no reason why such a rule should not apply to defendants in this action for tortious interference with contractual obligations when the necessary allegations to sustain such a cause of action are documented in the record *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276).

Keeping in mind that this is a motion for summary judgment, there is, in our view, a substantial question of fact whether this plaintiff was given the opportunity to attempt performance of the contract and thus advert the precipitous action of the City Manager, defendant John P. Buckley, in declaring what he perceived to be an "emergency" and thus entitle him to direct defendant Troy Urban Renewal Agency to cancel plaintiff's contract and award it to another whose bid was higher. The record clearly demonstrates that the "work proceed notice" given to plaintiff by defendant agency, dated October 27, 1978, was for access to the contract site "for salvage purposes only" and particularly provided that "no demolition work is to be commenced until a second notice is issued". No second notice was ever issued. Moreover, plaintiff was not contacted by defendants until November 14, 1978, when time restraints were imposed upon him as to the method of performance of the demolition work. An issue of fact exists as to whether an "emergency" existed or was, in fact, created. If the latter, such action would be improper for it would, in effect, condone the use of statutory emergency powers as a subterfuge to invalidate binding contractual obligations. Additionally, such action would be beyond the scope of official authority and without the immunity afforded official acts of a discretionary or quasi-judicial nature *(see, Tango v Tulevech, supra,* p 41).

We would therefore affirm the order appealed from.

■ IRVING SHAUGHNESSY, Individually and as Administrator