■ MLI INDUSTRIES, INC., Appellant, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Respondents. [613 NYS2d 977] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Rose, J.), entered January 12, 1993 in Tioga County, which granted defendants' motion to dismiss the complaint for, *inter alia,* failure to state a cause of action.

In 1989 plaintiff, a contract manufacturing firm in Tioga County that had previously borrowed approximately $4 million from defendants, petitioned for reorganization in bankruptcy. The reorganization plan approved by Bankruptcy Court provided a moratorium on loan repayments until January 15, 1991, at which time plaintiff was to begin making monthly payments to defendants in stated amounts. When plaintiff anticipated difficulty making the scheduled payments, the parties entered into an agreement on January 25, 1991 according plaintiff a further moratorium, in exchange for which it agreed, *inter alia,* to pay defendants $50,000 in six equal monthly installments beginning on February 1, 1991.

Meanwhile, during 1990, as the moratorium discussions were going on, plaintiff began negotiating with Ozalid Corporation. Those negotiations came into fruition in January 1991, when plaintiff entered into a contract to perform substantial manufacturing work for Ozalid. Whether, as asserted by plaintiff, defendants were aware of and supported these negotiations and approved the contract with Ozalid is of no moment, for resolution of this appeal does not turn on that circum-

---

stance. What is significant, however, is that in March 1991, the Chair of the State Assembly's Labor Committee contacted defendants and expressed dismay over the fact that because of its contract with plaintiff, Ozalid had recently laid off over 100 workers from its plant in Broome County, and in so doing had assertedly managed to avoid the terms of a collective bargaining agreement Ozalid had previously entered into with those workers. As a result, when the parties met in June 1991—by which time plaintiff had already fallen behind in the payments due defendants under the January 25, 1991 agreement —to review plaintiff's finances, defendants insisted, as a condition of further forbearance, that plaintiff terminate its contract with Ozalid. This demand was repeated at the parties' next meeting in July 1991.

In response to defendants' threats, plaintiff claims that it canceled the contract with Ozalid and that the serious financial downturn plaintiff allegedly experienced as a result prompted it to bring this action charging defendants with tortious interference with that contract and also economic duress. Defendants' motion to dismiss the complaint, pursuant to CPLR 3211 (a) (1) and (7), was granted and plaintiff appeals.

The gravamen of plaintiff's first cause of action is that defendants, by wrongfully threatening to declare plaintiff in default despite having agreed to an extended moratorium, caused plaintiff to breach its contract with Ozalid and consequently to suffer economic damages. This claim is unavailing, for even if a party can recover for tortious interference from one who caused it to breach its own contract with another *(see, Stiso v Inserra Supermarkets,* 179 AD2d 878, *lv denied* 80 NY2d 757; Restatement [Second] of Torts § 766A; *but cf., Inselman & Co. v FNB Fin. Co.,* 41 NY2d 1078, 1080), the interference must be shown to be improper before recovery may be had *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 189; *Stratford Materials Corp. v Jones,* 118 AD2d 559, 560, *lv denied* 70 NY2d 608).

Whether conduct which interferes with another's contractual relations is improper, and thus actionable, is determined by reference to a number of factors, including the nature of the conduct itself, the motives of the interfering party and the interests which it acts to protect, the interest with which it interferes and the relationship between the parties *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp., supra,* at 190; Restatement [Second] of Torts § 767). In the matter at hand, the chief factors are the competing interests of the parties and the social utility of those interests. While we recognize that

the interest interfered with, stemming as it did from an existing contract rather than from the mere prospect of future contractual relations, is deserving of substantial protection (see, Guard-Life Corp. v Parker Hardware Mfg. Corp., supra, at 190-191; Restatement [Second] of Torts § 767, comment e), nevertheless, in view of the circumstances prevailing here, we find defendants' conduct justified by overriding public interests.

Although defendants' actions were, in part, designed to preserve their funding, which is dependent on the political process, and the protection of one's own economic interests will rarely justify interference with another's executed contract, State agencies dispensing public funds, such as defendants, must be given leeway to influence the business practices of their beneficiaries in order to safeguard the public fisc. As demonstrated by the facts of this case, an agency must be permitted to exert a sufficient level of control over a recipient of public funds to enable the agency to ensure that those funds are used in a manner consistent with the public policy of this State. The record indicates that while defendants made the loans at issue for the purpose of creating new jobs, the Ozalid contract involved only the shifting of jobs from one location to another and facilitated Ozalid's avoidance of its collective bargaining agreement, entailing the loss of bargained for jobs, a result contrary to the public policy of the State.

Taken together, these interests are sufficient to justify the use of persuasion, economic pressure or other conduct which is not immanently unlawful in an attempt to affect the business practices of the funded concern, at least to the extent that those practices threaten to affect the agency's ability to secure funding or otherwise bear on legitimate societal interests, such as those previously noted (see, Restatement [Second] of Torts § 767, comments c, d, f; cf., Restatement [Second] of Torts § 771).

If defendants had a preexisting contractual obligation to provide continuing forbearance, their refusal to do so could be considered wrongful. Under the terms of the January 25, 1991 agreement, however, they had agreed only to provide plaintiff a respite from payments for four months; moreover, plaintiff had materially breached that agreement in several respects. Thus, defendants had every right to enforce the provisions of the loan agreements at the time of their meeting with plaintiff in June 1991 and the conduct which plaintiff claims induced it to breach the contract with Ozalid, that is, defen-

dants' "threats" that they would refuse to grant further forbearance, cannot be considered wrongful or inherently tortious toward plaintiff (see, Restatement [Second] of Torts § 767, comment c). In view of the foregoing, it cannot be said that defendants acted improperly in using their contractual leverage to influence plaintiff's business practices for the purpose of controlling the use of public money. The interference complained of being justified, plaintiff's first cause of action was properly dismissed (see, Leibowitz v Szoverffy, 80 AD2d 692, 693, lv denied 53 NY2d 608).

Plaintiff's second cause of action, sounding in economic duress, was also rightly dismissed. As noted, the documentary evidence presented, including the loan instruments and the January 25, 1991 agreement, clearly establishes that defendants were entitled, in June 1991, to declare the notes due and payable, and it is axiomatic that they cannot be guilty of economic duress for failing to grant further forbearance when they had no legal duty to do so (see, 805 Third Ave. Co. v M.W. Realty Assocs., 58 NY2d 447, 453). Moreover, as noted by Supreme Court, plaintiff could have pursued legal remedies to compel defendants to honor their agreement with plaintiff rather than capitulate to their demands and claim economic duress (see, Colonie Constr. Corp. v De Lollo, 25 AD2d 464, 465).

Cardona, P. J., Crew III, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.