■ RAYMOND E. WILLIAMS JR., Appellant, v GEORGE J. BARBER et al., Respondents. [770 NYS2d 477]—

Mercure, J.P. Appeal from those parts of an order of the Supreme Court (McGill, J.), entered August 5, 2002 in Clinton County, which partially granted defendants' motions for summary judgment and denied plaintiff's motion to amend the ad damnum clause.

This action for malicious prosecution, trespass, slander of title, interference with contract and prima facie tort arises out of a prior ejectment action against the owners of property on the shores of Lake Champlain. The property at issue, which was once under water, was transferred by the State of New York to the Lozier Motor Company via letters patent in 1901. Plaintiff, who was unaware of any remaining interest in the 1901 grant, purchased property including land extending to the low water mark of the lake in 1987. Thereafter, defendants George J. Barber, George Moore and Andrew Kohn formed defendant Lozier Grant Corporation (hereinafter the Corporation) for the purpose of purchasing from the successors in interest of the Lozier Motor Company any remaining interest in the 1901 grant.

In 1989, the Corporation, through defendant attorney Robert A. Kagan, filed a notice of pendency and commenced the prior action for ejectment against plaintiff and other owners of the disputed property. Supreme Court (Plumadore, J.) concluded that the Corporation's claim to the underwater land was invalid, reasoning that none of the successors in interest to the Lozier Motor Company had reserved their rights to land under water and that any remaining interest in such land had passed to the adjoining upland owners, such as plaintiff. Following dismissal of the complaint in the prior action, plaintiff commenced this action. Defendants moved for summary judgment dismissing the complaint. As relevant here, Supreme Court granted each defendant's motion with respect to the claims for malicious prosecution, interference with contract, and prima facie tort, and denied plaintiff's motion to amend the ad damnum clause of his complaint. Plaintiff appeals and we now affirm.

We reject plaintiff's argument that Supreme Court erred in granting summary judgment with respect to his malicious prosecution claim. To succeed on a claim for malicious prosecution,

a plaintiff must show the initiation of an action or proceeding that terminated in favor of the plaintiff, lack of probable cause for the prior action or proceeding, malice and special injury (*see Engel v CBS,* 93 NY2d 195, 204-206 [1999]; *Dudick v Gulyas,* 277 AD2d 686, 687-688 [2000]). Regardless of whether Barber, Kohn and Moore, as principals of the Corporation, can be deemed to have instituted the prior action in their individual capacities, we agree with Supreme Court that plaintiff failed to raise a triable issue of fact with respect to lack of probable cause. That is, plaintiff has not demonstrated, as a matter of law, the absence of "facts and circumstances as would lead a reasonably prudent person in like circumstances to believe" that a basis existed for the prior ejectment action (*see Colon v City of New York,* 60 NY2d 78, 82 [1983]).

Barber, a licensed surveyor who had long been interested in acquiring the property, conducted extensive research, which suggested either that the conditions of the original 1901 grant had been met or, if not, that the state failed to take action to terminate the letters patent. Based upon this research, Barber, Moore and Kohn concluded that title to the underwater lands had passed from the Lozier Motor Company to its successors in interest and that the Corporation had properly acquired title to those lands. In this regard, we note that in the 1960s, Barber formed another corporation which attempted to purchase some of the disputed property but was directed to return its interest on the ground that the conveyance was based on mutual mistake. While the state, in response to Barber's inquiries, may have taken the position that it retained title to the underwater land, Barber's prior attempt to purchase the land is indicative of his belief that the grant remained valid, that title had not passed to the upland owners such as plaintiff, and that the Corporation could purchase the disputed property. Indeed, even plaintiff's counsel, in a letter to the Office of General Services, revealed his initial belief that the grant remained valid and that the conditions may have been fulfilled. Accordingly, we conclude that the Corporation and its principals had probable cause to believe that the Corporation possessed a valid property interest in the disputed land and to commence the prior action to protect that interest.

In addition, with respect to Kagan, it is undisputed that his involvement was simply as an attorney representing his client and there is no indication that he overstepped the limits of that role. He was paid at his hourly rate and had no personal or monetary stake in the outcome of the litigation. Moreover, even assuming that Kagan could be considered to have initiated the

action or to have lacked probable cause, plaintiff failed to raise a question of fact with respect to malice. Plaintiff's assertion that malice can be inferred from Kagan's failure to disclose material relevant to the claim he advanced and in his preparation of false answers to interrogatories is contradicted by plaintiff's claims that Barber, Moore and Kohn deliberately withheld the relevant information from Kagan. In any event, plaintiff was aware of the pertinent information prior to the filing of the interrogatories. Thus, Supreme Court properly dismissed plaintiff's malicious prosecution claim as against Kagan (*see Hornstein v Wolf,* 109 AD2d 129, 132-133 [1985], *affd* 67 NY2d 721 [1986]; *cf. Honzawa v Honzawa,* 268 AD2d 327, 330-331 [2000]).

Plaintiff's remaining claims of tortious interference with contract and prima facie tort do not warrant extended discussion. Under the circumstances described above, plaintiff cannot show that any interference with his financing agreements in connection with the development was improper or without justification (*see MLI Indus. v New York State Urban Dev. Corp.,* 205 AD2d 998, 1000-1001 [1994]). Similarly, plaintiff has failed to show that "disinterested malevolence" was the sole motive for commencing the prior action (*see Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333 [1983]) and, thus, cannot establish a claim sounding in prima facie tort. As Supreme Court correctly explained, plaintiff cannot, in pleading prima facie tort, "seek to avoid the stringent requirements . . . set for traditional torts, such as malicious prosecution, requirements which are necessary to effectuate the strong public policy of open access to the courts for all parties without fear of reprisal in the form of a retaliatory lawsuit" (*Curiano v Suozzi,* 63 NY2d 113, 118-119 [1984]). We have considered plaintiff's remaining contentions and find that they are either meritless or rendered academic by our decision.

Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with one bill of costs.