*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    519321
_____

In the Matter of MAUREEN
    ABRAMOSKI et al.,
                    Appellants,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE EDUCATION
    DEPARTMENT et al.,
                    Respondents,
                    et al.,
                    Respondents.
_____

Calendar Date:  October 14, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

_____

        Charny & Associates, Rhinebeck (Nathaniel K. Charny of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Julie M.
Sheridan of counsel), for New York State Education Department and
others, respondents.

_____

McCarthy, J.

        Appeals (1) from a judgment of the Supreme Court (McNamara,
J.), entered October 16, 2013 in Albany County, which dismissed
that part of petitioners' application, in a combined proceeding
pursuant to CPLR article 78 and plenary action, to review a
determination of respondent State Education Department excluding
the cost of petitioners' post-retirement medical insurance in the
close-down tuition rate of a special act school district, and (2)
from an order of said court, entered June 25, 2014 in Albany
County, which, among other things, denied petitioners' motion to

vacate the prior judgment.

Petitioners are retired employees of West Park Union Free School District Number Two, Town of Esopus, Ulster County (hereinafter the District).  The District is a special act school district created by special legislation in 1973 for the purpose of educating residents of a facility for adolescent girls with emotional disabilities (see Education Law § 4001 [8]; L 1967, ch 566, as amended by L 1973, ch 744).  In January 2011, due to a significant decline in enrollment, the residential treatment facility announced its closing.  Because the District was permitted to serve students solely from the residential facility, respondent Board of Education of West Park Union Free School District (hereinafter the Board) resolved to begin the process of dissolving the District.

The Board notified respondent State Education Department (hereinafter SED) of its decision to cease operation, and SED informed the Board of the District's closing date and of its various responsibilities during the close-down period (see generally 8 NYCRR 200.7 [e]).  Among other things, the Board was tasked with calculating the District's close-down costs, which included the cost of educating students during the final year of operation and any outstanding financial obligations.  During this process, a question arose as to whether the costs of certain contractual obligations that the Board had to pay petitioners for their post-retirement health and dental insurance coverage for their respective lifetimes would be included in the tuition rate for the close-down period.  SED informed the Board that the cost of such lifetime insurance coverage for the District's retirees would not be included in the close-down tuition rate.

Petitioners thereafter commenced this combined CPLR article 78 proceeding and plenary action against SED, respondent Commissioner of Education, respondent University of the State of New York, respondent Board of Regents of the University of the State of New York, and respondent President of the Civil Service Commission (hereinafter collectively referred to as the State respondents), as well as the Board and its Superintendent, seeking, among other things, review of SED's determination excluding the costs related to petitioners' lifetime insurance

benefits in the close-down tuition rate, an order directing the reinstatement of their post-retirement health insurance and damages for breach of contract. The State respondents joined issue, but the Board and its Superintendent did not. Upon petitioners' motion, Supreme Court awarded petitioners a default judgment on their contract causes of action against the Board and its Superintendent. Thereafter, the court dismissed petitioners' CPLR article 78 claims against the State respondents and denied petitioners' subsequent motion to, among other things, vacate that judgment. Petitioners appeal from both the judgment dismissing their CPLR article 78 claims and the order denying their motion to vacate. We affirm.

SED's determination that the close-down tuition rate did not include the Board's costs related to petitioners' lifetime insurance coverage was not arbitrary, capricious or affected by an error of law. This Court's review of an administrative determination such as the one at issue is limited to whether the determination was arbitrary and capricious, lacked a rational basis or was affected by an error of law (see Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 652 [2013]; Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ., 91 NY2d 133, 139 [1997]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see Matter of Beck-Nichols v Bianco, 20 NY3d 540, 559 [2013]). Further, courts must apply deference to an agency's "interpretation of its own regulations in its area of expertise" (Matter of Peckham v Calogero, 12 NY3d at 431; see Matter of Neighborhood Cleaners Assn.-Intl. v New York State Dept. of Envtl. Conservation, 299 AD2d 790, 792 [2002]).

As provided by 8 NYCRR 200.9 (g), during the close-down period of a special act school district, tuition "[r]eimbursement shall be determined in accordance with [8 NYCRR 200.9 (f) (1) and (2)]." As is relevant, 8 NYCRR 200.9 (f) (1) (i) provides that the tuition rate "shall include administration and direct care costs and the costs of operation and maintenance of instructional facilities." In addition, uncontested evidence established that the calculation of tuition is used, at least in part, to assess

the amount of reimbursement to be paid by the public school district or social services district responsible for the student in the special act school district.

In concluding that petitioners' lifetime insurance benefits should not be considered in the close-down tuition rate, SED interpreted 8 NYCRR 200.9 (f) (1) (i) to exclude long-term outstanding debt obligations that were largely — if not entirely — unrelated to the costs of providing an education to the students attending the District during the relevant tuition period. This interpretation is reasonable and is consistent with a statutory and regulatory scheme that evinces an intent to tailor tuition rates to those costs reasonably related to the special act school district's provision of services to students during the relevant tuition period (see generally 8 NYCRR 200.7; see e.g. Education Law § 4401 [11]).

Indeed, the opposite conclusion that is furthered by petitioners — that a close-down tuition rate should include all outstanding financial obligations of a special act school district — would arbitrarily punish those entities that happened to have placed a student in a special act school district during that district's close-down period; instead of reimbursement rates tailored to the costs of providing education services, the rates would be tailored to the costs of resolving all of the special act school district's debts. Such a reimbursement scheme is inconsistent with the clear intent of the statute and regulation.

Finally, petitioners' contention that SED violated their constitutional rights to due process and equal protection are without merit. SED was not a party to the contracts that provided petitioners their rights to insurance benefits. The fact that SED's determination may have incidentally affected petitioners' ability to collect their respective judgments against the Board and the Superintendent does not support their allegations of constitutional violations. To the extent not discussed herein, petitioners' remaining arguments are also without merit.

Lahtinen, J.P., Lynch and Devine, JJ., concur.

ORDERED that the judgment and order are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court