*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    522019
_____

In the Matter of TERRY E.
    KITTLE,
                        Appellant,

        v                                   MEMORANDUM AND ORDER

JOSEPH A. D'AMICO, as
    Superintendent of the State
    Police,
                        Respondent.
_____

Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        DeNigris Law Firm PLLC, Albany (Stephen G. DeNigris of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the Supreme Court (Melkonian, J.), entered January 28, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for the issuance of a State Police Retired Member identification card.

        Petitioner was employed as a state trooper from July 25, 1987 until his retirement on March 29, 2012.  In late December 2011, petitioner was involved in an incident in which it was alleged that he committed serious misconduct by failing to take

appropriate police action when he neglected to conduct a field sobriety test on a "fatigued" driver that he encountered on the New York State Thruway. Instead, petitioner had the driver's vehicle towed from the Thruway and, after the driver paid his tow bill, he drove away. Approximately one hour later, the State Police received a report that the same vehicle was stopped in the center of the road on the Thruway. Another trooper responded, observed that the driver appeared intoxicated, administered a field sobriety test and a breath analysis test – which indicated that the driver had a 0.39% blood alcohol content – and arrested the driver. The Internal Affairs Bureau (hereinafter IAB) investigated the incident and, in a report dated March 14, 2012, designated the complaint against petitioner as founded and recommended appropriate administrative action. Two days after IAB issued its report, but before formal disciplinary charges were filed against petitioner, he submitted notice of his intent to retire.

On March 20, 2012, petitioner requested that respondent issue him, among other things, a State Police Retired Member identification card.[1] Respondent denied petitioner's application, reasoning that petitioner did not retire in good standing because he had engaged in serious misconduct and retired in order to avoid disciplinary action. Petitioner then commenced this CPLR article 78 proceeding,[2] challenging respondent's

---

[1] One of the benefits of obtaining such a card is that, pursuant to 18 USC § 926C, "an individual who is a qualified retired law enforcement officer and who is carrying the identification required . . . may carry a concealed firearm" (18 USCA § 926C [a]).

[2] Since the commencement of this proceeding, Executive Law § 231, effective January 20, 2015, was enacted and provides that respondent "shall develop and distribute uniform identification cards to all sworn members of New York [S]tate [P]olice, upon such members' retirement in good standing" and, "'retirement in good standing'" means that the State Police member "retired from his or her employment for reasons other than the avoidance of disciplinary charges" (Executive Law § 231 [1], [2]).

determination as arbitrary and capricious and without a rational basis because petitioner was not facing any charges of serious misconduct at the time that he retired. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. "This Court's review of an administrative determination such as the one at issue is limited to whether the determination was arbitrary and capricious, lacked a rational basis or was affected by an error of law" (Matter of Abramoski v New York State Educ. Dept., 134 AD3d 1183, 1185 [2015] [citation omitted], lv dismissed and denied 27 NY3d 1044 [2016]; see CPLR 7803 [3]; Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 652 [2013]). "'An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts'" (Matter of Abramoski v New York State Educ. Dept., 134 AD3d at 1185, quoting Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see Matter of Beck-Nichols v Bianco, 20 NY3d 540, 559 [2013]). Furthermore, "[t]his Court 'will not substitute its judgment for that of [respondent] if his conclusion is reasonably supported by the record'" (Matter of Salatel v New York State Police, 98 AD3d 1214, 1215 [2012], quoting Matter of Novotny v Constantine, 150 AD2d 852, 853 [1989]; see Matter of Wilburn v McMahon, 296 AD2d 805, 806 [2002]).

In denying petitioner's request for the identification card, respondent considered the IAB report issued on March 14, 2012. According to that report, petitioner encountered what he deemed to be a "fatigued driver" but, when interviewed, petitioner "was unable to clearly articulate the actions he took when dealing with [the driver]," "took little to no investigative action to properly determine whether or not [the driver] was impaired or intoxicated" – despite observing containers of alcohol in the vehicle – and failed to properly document the encounter. The report determined that petitioner had committed two violations, including "[r]eluctance to perform official duties" and "neglect of duty," as well as failing to prepare an incident report to document the relevant call. The IAB

investigation also revealed that petitioner had been "the subject of recent counseling and below standard performance ratings related to a lack of Vehicle [and] Traffic [L]aw enforcement" and, as a result, it was "difficult to determine whether [petitioner was] either incompetent . . . or unwilling to take appropriate enforcement action." The investigator recommended that the complaint be classified as "founded" and forwarded for appropriate administrative action.

In addition, respondent considered a memorandum from Anthony Ellis, Deputy Superintendent of IAB, in which Ellis explained that petitioner had been the subject of six founded personnel complaints during his tenure as a trooper and, moreover, petitioner was "the subject of a pending personnel complaint at the time of his retirement," the investigation of which had recently yielded a finding of misconduct. Ellis then described the nature of petitioner's founded personnel complaints, concluding that "[petitioner] retired as a result of the pending personnel complaint" and "[petitioner] ha[d] shown a pattern of neglect of duty and disobeying directives over his career" and "did not retire in good standing." Ellis "recommend[ed] against [the] issuance of a New York State Police Permit." Furthermore, the record establishes that, although no charges were preferred against petitioner, his formal notice of his intention to retire effectively suspended any internal disciplinary proceedings against him.

Although petitioner denied that he engaged in misconduct or retired to avoid disciplinary action, we find that the record supports respondent's determination that petitioner was not eligible for the requested identification card because he engaged in serious misconduct shortly before his retirement and did not retire in good standing. As the determination is not arbitrary and capricious or lacking in a rational basis, it will not be disturbed. We have reviewed petitioner's remaining contentions and find them to be without merit.

Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court