*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 5, 2017                 522911
_____

MAUREEN ABRAMOSKI et al.,
                    Appellants,

        v                                MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____


Calendar Date:  November 18, 2016

Before:   Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                    _____


        Charny & Associates, Rhinebeck (Russell G. Wheeler of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.

                    _____


McCarthy, J.

        Appeal from an order of the Court of Claims (DeBow, J.), entered June 1, 2015, which granted defendant's motion for summary judgment dismissing the claim.

        The facts at issue on this appeal are more fully discussed in a previous case before this Court (Matter of Abramoski v New York State Educ. Dept., 134 AD3d 1183 [2015], lv dismissed and denied 27 NY3d 1044 [2016]).  Claimants are retired employees of the West Park Union Free School District Number Two, Town of Esopus, Ulster County (hereinafter the District).  The District is a special act school district created by special legislation in 1973 for the purpose of educating children of a residential treatment facility (see Education Law § 4001 [8]; L 1967, ch 566, as amended by L 1973, ch 744).  Due to a significant decline in

enrollment, the residential treatment facility announced its closing in January 2011 and the Board of Education of West Park Union Free School District (hereinafter the Board) resolved to dissolve the District. The Board notified the State Education Department (hereinafter SED) of its decision to cease operation. Thereafter, SED informed the Board of its determination that the close-down tuition rate would not cover certain long-term contractual obligations, such as claimants' lifetime health and dental insurance coverage, and eventually the Board stopped meeting those obligations. This Court has since determined that SED's determination in that regard was not arbitrary, capricious or affected by an error of law (Matter of Abramoski v New York State Educ. Dept., 134 AD3d at 1185).

Meanwhile, in a CPLR article 78 proceeding and plenary action initiated by claimants, Supreme Court (McNamara, J.) issued an order of default judgment against the Board and the District's superintendent awarding past and future compensatory damages, plus postjudgment interest, in the amount of $515,357.06 for claimant Maureen Abramoski and $216,687.45 for claimant Joanne Petrelli as to their breach of contract claims regarding their insurance coverage. Now, in this parallel Court of Claims action, claimants seek monetary damages from defendant for the cost of obtaining alternative insurance coverage, on allegations of, among other things, tortious interference with petitioners' contracts with the District. Thereafter, the Court of Claims (DeBow, J.) granted defendant's motion for summary judgment dismissing the claim. Claimants appeal, and we affirm.

The Court of Claims properly granted defendant's motion for summary judgment. The courts of this state have uniformly rejected tortious interference claims when the alleged interference is a discretionary act taken by a public official in performance of public duties that are "justifiable pursuant to statutory command" (Cristo Bros. v Troy Urban Renewal Agency, 116 AD2d 793, 794 [1986], affd for reasons stated below 68 NY2d 819 [1986]; see Tango v Tulevech, 61 NY2d 34, 40 [1983]; Montano v City of Watervliet, 47 AD3d 1106, 1110 [2008]; 4430 N. Bailey, Inc. v Town of Amherst, 9 AD3d 853, 854 [2004]; Franbilt, Inc. v New York State Thruway Auth., 290 AD2d 705, 707 [2002]; MLI Indus. v New York State Urban Dev. Corp., 205 AD2d 998, 999

[1994]).  Here, defendant put forth prima facie evidence that the only action that SED took that affected claimants' contracts was its determination that the close-down tuition rate would not cover certain outstanding long-term debt obligations of the District, such as claimants' insurance.  Statute and regulation tasked the Commissioner of Education to make a discretionary determination as to the costs covered by the close-down tuition rate (see Education Law § 4405 [4] [a]; 8 NYCRR 200.9 [f] [1] [i]).  As claimants' submissions failed to raise an issue of fact as to whether SED made a discretionary determination that was justified pursuant to statutory command, the court properly granted defendant's motion for summary judgment dismissing the claim (see Montano v City of Watervliet, 47 AD3d at 1110; 4430 N. Bailey, Inc. v Town of Amherst, 9 AD3d at 854; Franbilt, Inc. v New York State Thruway Auth., 290 AD2d at 707; MLI Indus. v New York State Urban Dev. Corp., 205 AD2d at 999; Cristo Bros. v Troy Urban Renewal Agency, 116 AD2d at 794; see generally Matter of Abramoski v New York State Educ. Dept., 134 AD3d at 1185-1186).  Claimants' remaining arguments have been considered and are without merit.

Peters, P.J., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court